## In re STUART'S, Inc.
### No. 6063.

District Court, M. D. Pennsylvania.
April 26, 1930.

Rosenberg & Rosenberg, of Harrisburg, Pa., for petitioner.

WATSON, District Judge.

Stuart's, Incorporated, was adjudicated a bankrupt on the 12th day of September, 1928.

Joseph Claster was named a creditor in the schedules filed by the bankrupt, and notice of the first meeting of creditors and other proceedings in the case were received by him. On August 23, 1929, eleven months and eleven days after said adjudication, Joseph Claster tendered to the referee his proof of claim for filing and allowance nunc pro tunc, Claster representing to the referee that he was under the impression that his proof of claim had been filed, and that he learned by accident on August 6, 1929, that it had not been filed.

The referee refused to allow the filing of the claim. Joseph Claster has petitioned for a review of the order of the referee refusing to allow the filing of his proof of claim nunc pro tunc, which matter is now before this court for disposition.

Section 57n of the Bankruptcy Act (11 USCA § 93(n) has the effect of a statute of limitation, and in accordance therewith it has been held that claims against the estate of a bankrupt must be proved within six months from the day of the adjudication. Otherwise such proof will be barred. In re Rhodes (D. C. Pa.) 105 F. 231; In re Moebius (D. C. Pa.) 116 F. 47.

"The bar of the statute, as to the time for proving claims, is absolute and prohibitive; a creditor cannot be permitted under any circumstances whatever to come in for the purpose of making proof after the end of the year (now six months), but forfeits all right in that behalf by delay; and the court has no discretionary power to permit the filing of proofs after the end of the year [now six months] either Nunc Pro Tunc or otherwise." USCA title 11, § 93, subd. (n), page 295.

"Under the express provisions of Bankr. Act (July 1, 1898, c. 541, § 57n, 30 Stat. 560 (Comp. St. 1913, § 9641 [11 USCA § 93 (n)]), that claims, with certain exceptions, shall not be proved against a bankrupt estate subsequent to one year [now six months] after the adjudication, a claim not coming within any of the exceptions, and filed more than two years after adjudication, is too late." In re Trion Mfg. Co. (D. C. Ga.) 224 F. 521.

"The court had no power to permit proof of a claim after the expiration of the time so fixed, though the creditor's failure to make proof within the time specified arose solely through accident and mistake." In re Sanderson (D. C. Vt.) 160 F. 278.

"A creditor cannot prove his debt against a bankrupt estate after the expiration of the year [now six months] limited therefor, although he had no notice or knowledge of the proceedings during that time, and the estate

is still undistributed." In re Muskoka Lumber Co. (D. C.) 127 F. 886.

The claim came for filing too late.

Now, April 26, 1930, the decision of the referee is approved and confirmed.