In re EBELING.

EBELING v. BOBENG et al. (two cases).
Nos. 7593, 7594.

Circuit Court of Appeals, Seventh Circuit.
Nov. 6, 1941.

Rehearing Denied Dec. 11, 1941.

Harry Freeman and Freeman & Freeman, all of Chicago, Ill. (Earl Freeman, of Chicago, Ill., of counsel), for bankrupts-appellants.

Henry L. Phoenix, Richard C. Murphy, and Phoenix & Murphy, all of Chicago, Ill., for claimants-appellees.

Before MAJOR, KERNER and MINTON, Circuit Judges.

KERNER, Circuit Judge.

On July 28, 1938, after appellants had been adjudicated bankrupts, appellees filed their claims evidenced by bonds secured by a trust deed which had been foreclosed. On April 30, 1940, and May 3, 1940, after objections to the claims had been sustained, appellees filed amended claims, claiming, as owners of the bonds mentioned in the original claims, an equitable and beneficial interest in the deficiency decree entered in the foreclosure suit foreclosing said bonds.

To the amended claims bankrupts filed objections, asserting that the amended claims were new and different claims, that they were filed subsequent to the expiration of the statutory period for filing claims, and that appellees were not the proper parties to file claims under the deficiency decree. The referee overruled the objections. On review the District Court sustained the orders of the referee. Appellants now seek a reversal of the orders.

■ To be sure, the statute does provide that claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication, Bankruptcy Act, as amended § 57, sub. n, 11 U.S.C.A. § 93, sub. n, and gives the court no discretionary power to extend the time, Tarbell v. Crex Carpet Co., 8 Cir., 90 F.2d 683 and Bowman v. MacPherson, 10 Cir., 93 F.2d 318; but this section does not bar amendments filed after the expiration of the statutory period, In re Lipman, 2 Cir., 65 F.2d 366, and where a proof of claim has been filed within the time provided by the statute, it may be amended, In re Rothbell, D. C., 6 F.Supp. 244, the only limitation upon the rule being that the amendment does not introduce a distinctly new and different claim. In re Rothert, 7 Cir., 61 F.2d 1. In other words, there must be in the record the substance of that which is asked for. The right to amend can go no further than to bring forward and make effective that which in some shape was asserted in the original claim. In re G. L. Miller & Co., 2 Cir., 45 F.2d 115, 116.

In the instant case appellants contend that the amended claims are based on an entirely new cause of action. They insist that the original claims are based on bonds, while the amended claims are predicated upon an equitable interest in a deficiency decree running in favor of a trustee.

■ The record discloses that in the petitions for adjudication the petitioning creditors based their claims upon "Balance due on first mortgage bonds—as evidenced by deficiency decree entered in foreclosure proceedings filed in the Circuit Court of Cook County as suit No. 36C1968 and entitled Harold S. Fennema, successor trustee v. Richard R. Ebeling et al." The original claims alleged that the bankrupts were indebted to the claimants upon bonds secured by a trust deed, which had been foreclosed. The amended claims allege that the bankrupts were indebted to the claimants and that the consideration of said debt was an equitable and beneficial interest as holders and owners of bonds in the deficiency decree entered in the Circuit Court of Cook County, suit No. 36C1968 entitled Harold S. Fennema, successor trustee, v. Richard R. Ebeling et al.

In view of this record, we think that the amendments did not introduce new and different claims. See In re Rothert, supra. The amendments merely supplied with greater particularity allegations of fact upon which the claims were based. See In re G. L. Miller & Co., supra.

Appellants raise the point that Fennema, successor trustee, was the only party entitled to prosecute a claim on the deficiency decree. They argue that since the decree in the foreclosure suit was in favor of Fennema, action on the decree must be brought in his name. Triplett v. Scott, 12 Ill. 137 and § 1084, Freeman on Judgments, 5th Ed., p. 2252. With this contention we cannot agree.

■ The successor trustee was not the owner of the bonds. Appellees owned the bonds and as such owners they were creditors of the bankrupts. As such owners of

522

the bonds they had an equitable or beneficial interest in the decree, the successor-trustee having only the legal title. That fact, however, did not make him in equity the bankrupt's creditor. United States Trust Co. v. Gordon, 6 Cir., 216 F. 929, 931.

We are of the opinion that Mackay v. Randolph Macon Coal Co., 8 Cir., 178 F. 881 is in point on the question now being discussed. In that case, as here, the trustee recovered a deficiency decree in foreclosure proceedings instituted prior to bankruptcy. Thereafter the trustee presented the deficiency decree as a claim against the bankrupt's estate and the claim was allowed. Subsequently, being apprehensive that the trustee might not be a creditor, the bondholders made proof and asked that they be allowed as claims against the estate. The District Court, being of the opinion that the bonds had been merged in the deficiency decree, disallowed the claims. The Circuit Court of Appeals reversed and allowed the bondholders to prove their claims.

Since we have found no reason to reverse the orders of the District Court, they will be affirmed.

Affirmed.