**In re Richard G. LEFEVRE, Jr., and Andrea M. Lefevre, Debtors.**

**Bankruptcy No. 82–00125.**

United States Bankruptcy Court, D. Vermont.

Aug. 6, 1982.

James B. Anderson, Ryan, Smith & Carbine, Ltd., Rutland, Vt., for debtors.

Alan R. Medor, Biederman, Rakow & Medor, Rutland, Vt., for trustee.

Stephen L. Klein, Rutland, Vt., for Ludlow-Rutland Gen. Elec. Employees Credit Union.

### MEMORANDUM AND ORDER ON CLAIM OF LUDLOW–RUTLAND GENERAL ELECTRIC EMPLOYEES CREDIT UNION

CHARLES J. MARRO, Bankruptcy Judge.

The Debtors filed a Petition for Relief under Chapter 13 of the Bankruptcy Code on June 6, 1982 and the § 341 meeting of creditors was held and closed on July 20, 1982.

G.E. Credit Union (same as Ludlow-Rutland General Electric Employees Credit Union) is recognized as a secured creditor with the collateral described as a 1979 Pontiac Bonneville Station Wagon. The Credit Union filed its claim on August 6, 1982. Rule 13–302(e)(1) provides as follows:

"Secured Claims. A secured claim, whether or not listed in the Chapter XIII Statement, must be filed before the conclusion of the first meeting of creditors in the Chapter XIII case unless the court, on application before the expiration of that time and for cause shown, shall grant a reasonable, fixed extension of time. Any claim not properly filed by the creditor within such time shall not be treated as a secured claim for purposes of voting and distribution in the Chapter XIII case. Notwithstanding the foregoing, the court may permit the later filing of a secured claim for the purpose of distribution by the debtor, the trustee, or a codebtor."

Under ordinary circumstances the claim would be filed out of time. However, neither the Debtors nor the Trustee have any objection to the allowance of the claim as secured and having it deemed as filed on time.

Under the last sentence of the Rule the Court may, "Notwithstanding the foregoing . . . permit the later filing of a secured claim for the purpose of distribution by the debtor, the trustee, or a codebtor." This, in effect, gives the Court discretion to permit a late filing and to allow the claim as secured. Since there is no objection by any party in interest and it appears that no party is being prejudiced, the Court feels that it should exercise its discretion and permit the late filing and allowance of the secured claim of the Credit Union. This position has support in the case of *In Re Hart Ski Mfg. Co., Inc.,* (Bkrtcy.D.Minn.) 5 B.R. 326, which was decided under the Bankruptcy Code. There appears to be no reason why the rationale of this case should not apply under the Code. In the *Hart* case the Court pointed out that the filing of a claim is a ministerial act and that if there is a sufficient showing upon the record prior

to the expiration of time for filing a claim of the existence, nature and amount of the claim, the claimant should be permitted to amend its claim to conform with the technical requirements. The *Hart* case involved the filing of an unsecured claim outside of the six-month period prescribed by § 57n of the Bankruptcy Act. The same principle applies under the Code. The Hart Court in support of its decision cited Collier on Bankruptcy (14th Ed.) § 57.11(3) as follows:

"'It is well settled that if there is upon the record in the bankruptcy proceedings, within the six months prescribed by § 57n, anything sufficient to show the existence, nature and amount of a claim, it may be amended even after the expiration of the period.' This Court believes that in the interest of equity this rule should continue under the new Code." 5 B.R. 326, 328.

Under the circumstances in this case the Court in the exercise of its discretion feels that the late filing should be permitted and the claim allowed as secured.

#### ORDER

Now, therefore, upon the foregoing,

IT IS ORDERED that the claim of the Ludlow-Rutland General Electric Employees Credit Union in the sum of $7,254.03 is deemed as timely filed and should be allowed as secured.