**In re SEMINOLE BACKHOE SERVICES, INC., Debtor.**

**Bankruptcy No. 582–00150.**

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

Sept. 29, 1983.

Buford C. Terrell, Lubbock, Tex., for petitioner.

Grover Hartt, III, Dept. of Justice, Tax Div., Dallas, Tex., for I.R.S.

Myrtle McDonald, Lubbock, Tex., trustee.

## MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

Myrtle McDonald, Trustee, objected to the claim of Internal Revenue Service ("IRS"), contending that it was not timely filed. The following summary constitutes findings of fact and conclusions of law after bench trial.

The debtor, Seminole Backhoe Services, Inc., a corporation, filed petition for order for relief under Chapter 7 of Title 11, United States Code, on September 22, 1982. Notices for meeting of creditors were mailed to parties in interest on September 24, 1982, advising those parties that the first meeting of creditors was scheduled for October 13, 1982. Each notice specifically provided that "claims not filed within six months of the above date set for the first meeting of creditors will not be allowed, except as otherwise provided by law."

On April 12, 1983, IRS posted to the bankruptcy clerk its proof of claim, contending that the debtor is indebted to the United States in the sum of $89,892.83, consisting of its "secured claims" of $50,193.71 and its "unsecured priority claims" of $38,343.73. That proof of claim was not received and filed by the bankruptcy clerk until April 14, 1983. The trustee contends that the claim was not timely filed because April 13, 1983, was, by her calculation, the last date within which claims could be timely filed. IRS counters with alternative theories, contending that the claim was in fact timely filed, that no existing law requires IRS to file a proof of claim, and that equitable considerations support the allowance of the IRS claims. Those theories advanced by IRS will be addressed seriatim.

Under the Bankruptcy Act of 1898 the time for filing a proof of claim was provided by § 57n. All provable claims, including claims of the United States and of any state or subdivision thereof, were required to be proved and filed in the manner provided by § 57. Claims which were not filed within six months after the first date set for the first meeting of creditors were not to be allowed except a provision was made whereby the Court could, upon application before the expiration of the six month period and for cause shown, grant a reasonable fixed extension of time for the filing of claims by the United States or any state or any subdivision thereof. The six month period fixed by § 57n was treated as a statute of limitations for all pre-petition claims which was mandatory and not subject to extension by the Bankruptcy Court. *See e.g. In re Pigott,* 684 F.2d 239 (3rd Cir.1982); *In re Mellen Manufacturing Co.,* 287 F.2d 37 (3rd Cir.1961); *In re Ebeling,* 123 F.2d 520 (7th Cir.1941); *In re Tavares,* 23 B.R. 129 (Bkrtcy.D.R.I.1982); *In re Evanston Motor Company, Inc.,* 20 B.R. 550 (Bkrtcy.N.D.Ill.1982); and *In re Alsted Automotive Warehouse, Inc.,* 16 B.R. 924 (Bkrtcy.E.D.N.Y.1982).

■ The Bankruptcy Code provides no time limits for filing proofs of claim. Section 501 permits the filing of proofs of claim and the legislative history to that provision states that "[t]he Rules of Bankruptcy Procedure will set out the time limits, the form, and the procedure for filing, which will determine whether claims are timely or tardily filed." H.R. No. 95–595, 95th Cong. 1st Sess. (1977) 351; S.R. No. 95–989, 95th Cong. 2d Sess. (1978) 61, U.S. Code Cong. & Admin.News 1978, pp. 5787, 5847, 6307. Neither the Suggested Interim Bankruptcy Rules distributed and suggested for local adoption by the Advisory Committee on Bankruptcy Rules of the Judicial Conference of the United States nor the Local Rules Bankruptcy Rules adopted for the United States Bankruptcy Court for the Northern District of Texas specifically treated the issue of when a proof of claim should be filed in a Chapter 7 case. Therefore the existing Rules of Bankruptcy Procedure under the Bankruptcy Act are effective [1] on the issue.

■ Rule 302(e) Rules of Bankruptcy Procedure, deals with the time for filing proofs of claim and provides:

"(e) Time for filing. A claim must be filed within six months after the first date set for the first meeting of creditors, except as follows:

(1) On application before the expiration of such period and for cause shown the Court may grant a reasonable fixed extension of time for filing a claim by the United States, a state, or subdivision thereof . . . ."

The trustee contends that a fair reading of the provisions of Rule 302(e) mandates the conclusion that the last day for filing proofs of claim in this case was April 13, 1983, the last day of the six months period

immediately following the first meeting of creditors on October 13, 1982. IRS argues that if the drafters of the rule had intended that result they would have required the claim to be filed within six months *of* October 13, 1982, instead of six months *after* that date. Apparently IRS would exclude both October 13, 1982, and October 14, 1982, in its calculation that April 14, 1982, was the final date for filing proofs of claim. The tortured construction suggested by IRS is rejected. I construe the provisions of Rule 302(e) as requiring a proof of claim to be filed within the six month period immediately following the first meeting of creditors, which results in the conclusion that the last day for filing proofs of claim in this case was April 13, 1983. Therefore the IRS claim was not timely filed.[2]

The second argument advanced by IRS is that it is not required to file a proof of claim. It bases that argument on two theories.

First, IRS points to the scheme of distribution in a liquidation case as set out in § 726 of the Code. According to § 726(a)(1) the first claims which shall be paid are those claims of the kind specified in § 507 of the Code. Section 507 sets out the so-called priority claims and the sixth priority provided by § 507(a) are the allowed unsecured claims of governmental units for taxes. The second category of claims required to be paid in a liquidation case are allowed unsecured claims which are timely filed or, if tardily filed, the creditor that holds the claim did not have notice or actual knowledge of the case in time to timely file proof of claim under § 501(a) and files the proof of claim in time to permit payment of the claim. While the claim of IRS is, at least in part, an unse-

---

1. On August 1, 1983 the Bankruptcy Rules recommended by the Judicial Conference of the United States and forwarded by the Chief Justice of the Supreme Court to Congress became effective. Rule 3002(c) mandates the filing of proofs of claim by an unsecured creditor within ninety days after the first date set for the meeting of creditors. However that rule was not effective when the challenged proof of claim was filed nor when the contested hearing on the claim was held.

2. IRS concedes that the date the claim was actually filed by the Clerk, and not the date it was placed in the mails, is the relevant date. *See In re Imperial Sheet Metal, Inc.,* 352 F.Supp. 1149, 1152 (M.D.La.1973). Having chosen to transmit the claim by mail service IRS assumed the risk of an untimely delivery and filing of its proof of claim. *In re Scheid's, Inc.,* 342 F.Supp. 290, 291 (E.D.Pa.1972).

cured claim there is no provision in § 507 which distinguishes between timely filed claims and tardily filed claims. Therefore IRS posits that its tax claim is not required to be filed by any particular date. Neither IRS nor the trustee have provided any authority whatsoever for their respective positions.

The argument advanced by IRS is at least factually sound. There does appear to be an hiatus between the provisions of § 507(a)(6) and the distribution scheme of § 726(a). Since § 57n of the Act specifically provided that all claims, including claims of the United States, shall be filed within six months after the first date set for the first meeting of creditors one might argue that Rule 302(e), Rules of Bankruptcy Procedure, which set out the procedures under the Act, has no application to IRS claims under the Code. However, I am rejecting the IRS argument on two bases.

■ First, the new Bankruptcy Rules effective August 1, 1983, although not applicable to this particular proceeding, carried forward the provision for the extension of the time for filing of a proof of claim by the United States in substantially the same language as set out in Rule 302(e). *See* Rule 3002(c)(1). Congress did not amend the rule after receiving it from the Chief Justice of the Supreme Court. A presumption should arise, therefore, that Congress intended IRS to timely file its proof of claim within the time limits set by the rule or to seek an extension of time by filing application before that time period expired.

■ A second reason for rejection of the IRS argument is that if the bankruptcy system is going to work it is necessary that there be time limits within which creditors may present claims. Otherwise, a trustee could never safely close a bankruptcy case for fear that on some date in the future IRS would demand payment of a claim which it had never presented. Also, § 507(a)(6) refers to the tax claim of the governmental unit as being "allowed unsecured claims." It is consistent with the Code that a claim must be timely filed before it can be "allowed" unless the credi-

tor meets one of the exceptions to timeliness.

There is another consideration. IRS is not required to file a proof of claim. Under § 523(a)(1) a § 507(a)(6) tax claim is excepted from a debtor's discharge, whether or not a proof of claim for such tax was filed or allowed. By this opinion I have concluded only that if IRS plans to recover any part of its unsecured claim for taxes in distribution under Chapter 7 it must first timely file a proof of claim for such unsecured taxes. Its right to proceed against the debtor on the debt which is excepted from discharge is not affected.

■ The second theory advanced by IRS in support of its contention that it is not required to file a proof of claim has more substance. The total claim of $89,892.83 includes a "secured" portion of $50,193.71, based on the filing by IRS of Notices of Tax Liens in the offices of the County Clerk of Gaines County, Texas, and of the Secretary of State on divers occasions commencing June 22, 1982 and ending September 21, 1982. By that action IRS had assessed a deficiency and demanded payment prior to the filing of the petition for order for relief. The pre-petition assessment and demand, without more, perfected a lien in favor of IRS. *See* I.R.C. § 6321; *United States v. Speers,* 382 U.S. 266, 86 S.Ct. 411, 15 L.Ed.2d 314 (1965). The trustee has not contended that IRS failed to file notice of its tax lien in the proper place and I perceive no basis in fact for any contention in that regard. Section 6321 provides that a lien shall arise in favor of the United States upon all property and property rights, whether real or personal, of any taxpayer to the extent of any tax liability which that taxpayer neglects or refuses to pay after demand. By virtue of § 6322 the lien arises automatically on the date of assessment. Section 6323, as overhauled by the Federal Tax Lien Act of 1966, speaks to priority conflicts and subordinates the federal tax liens created under §§ 6321 and 6322 to certain competing private or nonfederal liens. The fight in this case has been between the trustee and IRS and, as far as

the record is concerned, there is nothing to reflect that there are any competing private or nonfederal liens. For instance, § 6323(a) provides that a federal tax lien imposed by § 6321 is not valid as against the holder of a security interest until proper notice of the federal lien has been filed. "Security interest" is defined at § 6323(h)(1). It appears to me that all of the property which the trustee has liquidated is property which is subject to the IRS tax liens to that extent of $50,193.71 and to the extent of $50,193.71 IRS was not required to file a proof of claim within the six month period mandated by the Rule.

 The final argument advanced by IRS is that equitable considerations support the allowance of the IRS claim. It is true that some courts have allowed late filings where no party is materially prejudiced by such filing. *See* e.g. *In re Lefevre,* 24 B.R. 40 (Bkrtcy.D.Vt.1982); *In re Humblewit Farms, Inc.,* 23 B.R. 703 (Bkrtcy.S.D.Ill. 1982). The general equity power existing in the bankruptcy courts is well established and has been traditionally recognized. *Bank of Marin v. England,* 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966). That equity power should be employed to prevent an unfair result occasioned by lack of fault by the party seeking equity. However, IRS has offered no reasonable excuse for the late filing of its proof of claim. Historically IRS has skated the brink of disaster by delaying the filing of its proofs of claim until near the end of the six month period. With that history of brinksmanship it is certain that eventually one will misstep. To the extent of the unsecured portion of the claim, totalling $38,343.73, IRS has made that misstep, at least as far as distribution from the assets of the estate is concerned.

It is, therefore, ORDERED by the Court that: (1) the secured claim of IRS in the sum of $50,193.71 be, and it is hereby, allowed as a secured claim against the assets in the hands of the trustee, subject, however, to any superior competing private or nonfederal liens under § 6323 of Title 26, United States Code and subject to adminis-

trative expenses allowed under § 503(b) of the Code; and (2) the $38,343.73 unsecured portion of the IRS claim be, and it is hereby, allowed but, pursuant to § 726(a)(3), its payment is subordinated to the payment of those claims described in § 726(a)(2).

All relief not herein granted is denied.

The Clerk is directed to file this order and to furnish a copy to the attorneys of record.