PER CURIAM.
 

 Debtors Robert and Elizabeth Wilkens, husband and wife, filed a petition for relief under chapter 13 of the Bankruptcy Reform Act of 1978, 11 U.S.C. §§ 1301-30, listing appellee Simon Brothers, Inc. as an unsecured creditor in their schedules and statements. The first creditors’ meeting took place on March 24, 1981. Appellee attended this and all subsequent meetings, and contributed to plan revisions, but did not file its formal proof of claim until November 4, 1981, more than seven months after the initial creditors’ meeting.
 

 Debtors moved to deny the claim, arguing that creditor had failed to file its claim within six months of the first meeting of creditors, as required by Bankruptcy Rule 13-302(e). Creditor responded that the bankruptcy court could employ its equitable powers to extend the filing deadline and that the equities of the case mandated such an extension. After a hearing, the bankruptcy court allowed the claim without explanation, and debtors appealed. The district court, limiting its review to whether the bankruptcy court abused its discretion in allowing the claim, found no such abuse. Debtors appeal.
 

 We must first determine what procedures govern the filing of claims by unsecured creditors in a chapter 13 proceeding. Section 501 of the Bankruptcy Reform Act of 1978 generally permits the filing of proofs of claim, but provides no time limits for the filings. However, the legislative history of that section states that “[t]he Rules of Bankruptcy Procedure will set out the time limits, the form, and the procedure for filing, which will determine whether claims are timely or tardily filed.” H.R. No. 95-595, 95th Cong. 1st Sess. (1977) 351;
 
 *464
 
 S.R. No. 95-989, 95th Cong. 2d Sess. (1978) 61 U.S.Code Cong. & Admin.News 1978, pp. 5787, 5847, 6307. Since the suggested interim bankruptcy rules and local bankruptcy rules fail to address the question of time limits on filings, the Rules of Bankruptcy Procedure under the Bankruptcy Act of 1898 control.
 
 In re Seminole Backhoe Services, Inc.,
 
 33 B.R. 914, 916 (Bkrtcy.1983).
 
 But cf. In re Corbett,
 
 27 B.R. 442 (Bkrtcy.1983).
 

 Rule 13-302(e)(2) deals with the time for filing proofs of unsecured claims in chapter 13 proceedings. The rule provides, in relevant part: “Unsecured claims. Unsecured claims, whether or not listed in the Chapter XIII Statement, must be filed within 6 months after the first date set for the first meeting of creditors_” R.Bankr.P. 13-302(e)(2). The advisory committee note explains that the language “of subdivision (e) is adapted from § 57n of the Act [11 U.S.C. § 93n (repealed) ] and retains the time limits on the filing of claims established by the statutory provisions.”
 

 Cases construing the rule and statute treat the six-month filing period as a statute of limitations not subject to extension by the bankruptcy court.
 
 In re Ebeling,
 
 123 F.2d 520 (7th Cir.1941);
 
 In re Pigott,
 
 684 F.2d 239 (3rd Cir.1982). While the weight of authority treats the period as mandatory and immutable,
 
 [1]
 
 a minority of courts have left open the possibility that they could exercise their equitable powers to enlarge the time for filing, given “sufficient” cause.
 
 [2]
 
 Under this view, an equitable extension of time can be granted (1) if the fraud of a debtor prevents the timely filing by a creditor;
 
 [3]
 
 (2) the creditor fails to receive notice of the proceedings;
 
 [4]
 
 or (3) other extraordinary circumstances arise.
 
 [5]
 
 Courts do not, however, permit late filings necessitated by the negligence of a creditor’s attorney.
 
 [6]
 

 The sole explanation offered by ap-pellee for its late filing was that counsel “relocated his office ... and in the process inadvertently filed this matter with his closed files prior to the filing of the claim .... ” Appellee does not allege fraud on the part of the debtor, nor does it, or could it, argue lack of notice or other extraordinary circumstances. We therefore need not decide whether the bankruptcy court had discretionary authority to extend the filing period for appellee, for even assuming that a bankruptcy court possesses an equitable power to permit a late filing, that power should not be exercised here. At most it should be used in limited circumstances to prevent an unfair result which arises through no fault of the party seeking equity.
 
 In re Seminole Backhoe Services, Inc.,
 
 33 B.R. at 918. Here appellee explains its tardy filing by pointing to the neglect of its counsel. Such an excuse fails to justify an extension of time regardless of the scope of the court’s equitable discretion. The bankruptcy court thus abused whatever discretion it might have had, if any, in extending the filing period for appellee.
 

 Appellee may nevertheless be able to participate in the chapter 13 plan. If appellee made an informal claim within the six-month period, the late filing can be treated as a perfecting amendment.
 
 Hutchinson v. Otis,
 
 190 U.S. 552, 555, 23
 
 *465
 
 S.Ct. 778, 779, 47 L.Ed. 1179 (1903);
 
 Converse v. Sullivan,
 
 194 F.2d 995 (7th Cir.1952);
 
 In re Ebeling,
 
 123 F.2d at 521. The question becomes what actions are sufficient to constitute an informal proof amenable to later amendment and perfection. The general rule is that a claim arises where the creditor evidences an intent to assert its claim against the debtor. Mere knowledge of the existence of the claim by the debtor, trustee, or bankruptcy court is insufficient.
 
 See Perry v. Certificate Holders of Thrift Savings,
 
 320 F.2d 584 (9th Cir.1963);
 
 Fyne v. Atlas Supply Co.,
 
 245 F.2d 107, 108 (4th Cir.1957);
 
 Tarbell v. Crex Carpet Co.,
 
 90 F.2d 683 (8th Cir. 1937);
 
 Lacoe v. Delong,
 
 65 F.2d 82, 84 (9th Cir.1933);
 
 In the Matter of Evanston Motor Co., Inc.,
 
 26 B.R. 998, 1000 (D.C.N.D.Ill.1983). A creditor can manifest its intent to hold a debtor liable in many ways, and the particular facts of a case will determine whether such a de facto claim has been made. The record in this case, though, is too sparse to permit an evaluation of this issue. While the bankruptcy court conducted a hearing to determine whether to allow appellee’s late filing, the discussion centered on whether the court should exercise its equitable powers and not whether appellee’s actions constituted a de facto filing. Accordingly, the order is reversed, and the case is remanded to the bankruptcy court for further findings on whether actions taken by appellee evidence an intent to hold debtor liable sufficient to constitute a de facto informal filing.
 

 [1]
 

 . 3 Colliers on Bankruptcy ¶ 57.27, at 379-80 (14th ed. 1977).
 
 See also In re Pigott,
 
 684 F.2d 239 (3rd Cir.1982).
 

 [2]
 

 .
 
 E.g., In re Boynton,
 
 24 F.Supp. 267 (D.D.C.1938).
 

 [3]
 

 .
 
 See Pepper v. Litton,
 
 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939) (dictum);
 
 Williams v. Rice,
 
 30 F.2d 814 (5th Cir.1929).
 

 [4]
 

 .
 
 In re Bortzel,
 
 18 B.R. 523 (1982);
 
 In re V-M Corp.,
 
 23 B.R. 952 (Bkrtcy.1982).
 
 But see In re Popular Fruit & Produce, Inc.,
 
 21 B.R. 185 (Bkrtcy.1982).
 

 [5]
 

 . 3 Colliers on Bankruptcy ¶ 57.27, at 381 (14th ed. 1977).
 

 [6]
 

 .
 
 Cf. Tarbell v. Crex Carpet Co.,
 
 90 F.2d 683 (8th Cir.1937);
 
 In re Stuart's Inc.,
 
 39 F.2d 972 (M.D.Pa.1930);
 
 In re CBS Millwork Supply, Inc.,
 
 21 B.R. 960 (Bkrtcy.1982).