**In the Matter of Eddie BURRELL, Debtor.**

**Bankruptcy No. 85 B 15783.**

United States Bankruptcy Court, N.D. Illinois, E.D.

May 13, 1988.

---

Arthur Sanderman, Brown & Shinitzky, Chtd., Chicago, Ill., for debtor.

Gerard A. Brost, U.S. Dept. of Justice, Washington, D.C., for the I.R.S.

## MEMORANDUM AND OPINION

ROBERT E. GINSBERG, Bankruptcy Judge.

### FACTS

This matter comes before the Court on the debtor's objection to the claim of the Internal Revenue Service, (the "IRS"). The IRS has answered the objection, thus giving rise to a contested matter. *See* Advisory Committee Note to Bankruptcy Rule 3007. *See also In re The Charter Co.*, 82 B.R. 144, 146 (Bankr.M.D.Fla.1988). The debtor has filed a motion for summary judgment under Bankruptcy Rule 7056 which applies to this dispute by virtue of Bankruptcy Rule 9014.

The facts in this matter are not in dispute. The debtor filed a petition under Chapter 13 of the Bankruptcy Code on November 18, 1985. The meeting of creditors required by 11 U.S.C. § 341, was first set for December 19, 1985. On December 30, 1985, the IRS mailed a Notice of Deficiency (the "Notice") to the debtor for the years 1979–1981. The Notice claimed that the debtor owed approximately $97,309.29 in taxes, interest and penalties for the three year period. The Notice was never filed with the Bankruptcy Court and did not in

any way refer to the fact that the debtor had filed a bankruptcy petition. On April 30, 1986, the IRS filed a proof of claim with the Bankruptcy Court in the amount of $4,800. On June 20, 1986, the IRS filed an amended proof of claim in the amount of $96,764.56. On March 11, 1987, the IRS filed a second amended proof of claim in the amount of $180,528.40.[1]

## STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment requires this Court to review the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits on file to determine whether there is a "genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law". Bankruptcy Rule 7056. The evidence must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Once the moving party has met its burden of establishing that there is no genuine issue of material fact, the opposing party bears the burden of setting forth specific facts showing that there is a genuine issue for trial. *Egger v. Phillips,* 710 F.2d 292, 296 (7th Cir.), *cert. denied,* 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983).

## DISCUSSION

### 1. *Bankruptcy Rule 3002*

The debtor objects to the claim of the IRS on the grounds that the IRS' initial proof of claim was not timely filed. Bankruptcy Rule 3002(c) requires all proofs of claim, including those of the United States, to be filed within 90 days after the date initially set for the section 341 creditors' meeting unless an extension of time for filing a proof is obtained in accordance with the requirements of that rule. *See also* Bankruptcy Rule 9006(b)(3).[2] The debtor claims that because the IRS' proofs of claim were all filed after the bar date, and because the IRS never asked for an extension of time to file its proofs before the expiration of the bar date, as required by Bankruptcy Rules 3002(c)(1) and 9006(b)(3), the claim must be denied as untimely. The debtor also argues on the merits that no sum is due the IRS for the years in question.

The IRS makes two arguments in response to the debtor's contentions. First, the IRS claims that some of the tax delinquency is a secured claim that should not be denied in that a secured creditor need not file a proof of claim in a Chapter 13 case. As to the unsecured portion of its claim, the IRS maintains that the Notice sent to the debtor constitutes a timely "informal proof of claim", which may later be amended with a formal proof of claim filed after the bar date.

### 2. *Secured Claims*

In a chapter 7 or 13 case, the general rule is that a proof of claim need not be filed by a creditor asserting a secured claim. Bankruptcy Rule 3002(a). *See* Advisory Committee Note to Bankruptcy Rule 3002. *See also In re Simmons,* 765 F.2d 547 (5th Cir.1985); *In re Mikrut,* 79 B.R. 404 (Bankr.W.D.Wis.1987). Instead, a secured creditor maintains its prepetition lien against the property of the estate (or the debtor) even if it fails to file a proof of claim. *In re Tarnow,* 749 F.2d 464 (7th Cir.1984). However, if the total claim of the creditor asserting a lien against property of the estate (or the debtor) exceeds the value of the interest of the estate (or the debtor) in that property, i.e. the amount of the claim is greater than the value of the

---

1. The amended proofs of claim include small amounts allegedly due for taxes for the additional years 1984 and 1985. The IRS admits that it failed to assert any claim under any theory against the debtor for those years before the expiration of the claim time and therefore its claims for 1984 and 1985 taxes must be barred.

2. As a result, the bar date for filing claims in this case was March 19, 1986. The debtor claims, and the IRS does not dispute, that the IRS received notice of the setting of the bar date. The IRS is bound by the time limits of Bankruptcy Rule 3002(c). *See* Bankruptcy Rule 3002(c)(1). *See also In re Butcher,* 74 B.R. 211, 216–17 (Bankr.E.D.Tenn.1987); *In re Owens,* 67 B.R. 418 (Bankr.E.D.Pa.1986).

collateral, then the remainder, the deficiency, is classified as an unsecured claim. 11 U.S.C. § 506(a). *See Barash v. Public Finance Corp.*, 658 F.2d 504, 507 (7th Cir. 1981). Hence, an "undersecured" creditor has both a secured and unsecured claim. In order for the unsecured portion of the claim to be allowed, the undersecured creditor must file a proof of claim, at least as to that portion of its claim. *See* Bankruptcy Rule 3002(a); *In re American Skate Corp.*, 39 B.R. 953, 954 (Bankr.D.N.H. 1984).

In this case, the IRS is asserting a secured claim for federal taxes in the amount of $19,439.92. To the extent the debtor's interest in the collateral meets or exceeds this amount, the IRS has a secured claim for which no proof of claim need be filed.[3] To the extent the debtor's interest in the collateral falls below this sum, the IRS has an unsecured deficiency claim for which a timely proof of claim must be filed pursuant to Bankruptcy Rule 3002(a). By definition, a large segment of the IRS' claim, if allowable, is unsecured. The question is whether the IRS filed a timely proof of claim for its unsecured claim.

### 3. Unsecured Claims

■ The period for filing proofs of claims is generally treated as a statute of limitation. Unless a claim is filed or an extension obtained within the original claim period, an unsecured claim is time barred regardless of its merits. *Wilkens v. Simon Brothers, Inc.*, 731 F.2d 462 (7th Cir. 1984). The IRS conceded that the 90 day limit of Bankruptcy Rule 3002(c) is set in stone and once the 90 day period has passed without extension, with minor exceptions not applicable here, *see, e.g.*, Bankruptcy Rule 3002(c)(3)–(6), the time for filing proofs of claim may not be extended by the bankruptcy court, even on excusable neglect grounds. Bankruptcy Rule 9006(b)(3); Advisory Committee Note to Rule 9006; *In re Ungar*, 70 B.R. 519, 520

(Bankr.E.D.Pa.1987); *In re Stern*, 70 B.R. 472, 474–75 (Bankr.E.D.Pa.1987). The IRS failed to obtain a timely extension for filing its claim in this case. However, the IRS points to caselaw to the effect that an "informal" proof of claim filed before the bar date is equally effective as a "formal" [4] proof of claim in satisfying the time requirements of Bankruptcy Rule 3002(c). *See Wilkens, supra; In re Evanston Motor Co.*, 26 B.R. 998 (N.D.Ill.1983), *affd.*, 735 F.2d 1029 (7th Cir.1984); *In re Stern, supra.* Letters and pleadings may suffice as informal proofs of claim if timely directed to the proper parties. *Stern*, 70 B.R. at 476; Bankruptcy Rule 5005(b). However, to be deemed an informal proof of claim a writing must (1) make a demand for payment on the debtor's estate and (2) must reflect an intent to hold the debtor liable for the debt. *See Evanston Motor Co.*, 26 B.R. at 1001; *Stern*, 70 B.R. at 476.

■ While the Notice sent to the debtor by the IRS clearly reflects an intent to hold the debtor liable for the debt, the letter makes no demand for payment against the debtor's estate. Thus, the Notice cannot be deemed an informal proof of claim. The IRS argues, relying on *Wilkens*, that an intent to assert the claim against the debtor is all that is required for an informal proof of claim to be adequate and that no demand for payment from the estate is required. It is true that the *Wilkens* court focused only on the intent to hold the debtor liable. However, the *Wilkens* court pointed out that this was the "general rule" and cited to a number of cases, including *Evanston Motor Co.*, which set forth the two part test. The Court in *Wilkens*, in no way rejected the two part test. In fact, in 1984, in a decision subsequent to *Wilkens*, the Seventh Circuit affirmed the *Evanston Motor Co.* case. While the court did not specifically address the two part test, it did affirm the district court's deci-

---

**3.** The issue of the value of the debtor's interest in the collateral is not before the Court at this time and therefore the Court makes no findings as to the amount of any allowable secured claim the IRS may hold.

**4.** *See* Official Form No. 19.

sion in its entirety. *In re Evanston Motor Co.*, 735 F.2d 1029 (7th Cir.1984).[5]

▮ In effect, the IRS seeks to salvage a claim it failed to file on time by relying on the serendipity that entirely by accident it happened to serve a notice of deficiency on the debtor during the claims period.[6] That accidental demand is insufficient. By the same token the fact that the debtor knew he owed the IRS something and scheduled the IRS as a creditor does not estop the debtor from objecting to the IRS' failure to file a timely proof of claim. *See Wilkens* at 465. *Contrast* 11 U.S.C. § 1111(a) *and* Bankruptcy Rule 3003(b). The fact is that the IRS had notice of the Chapter 13 case. It completely failed to follow the claims process as set forth in Bankruptcy Rule 3002(b). Therefore, the unsecured portion of the claim of the IRS must be disallowed as untimely filed without regard to the merits of its claims or the debtor's objections on the merits. The debtor's motion for summary judgment as to the unsecured portion of the IRS' claim must be granted.

## CONCLUSION

IT IS HEREBY ORDERED that the debtor's motion is GRANTED as to the undersecured or unsecured portion of the IRS' claim and DENIED as to the secured portion of the IRS' claim.

**5.** Further support for the conclusion that in order for a document to be deemed an informal proof of claim it must not only seek to hold the debtor liable but must also seek payment from the estate is found in Bankruptcy Rule 5005(b). That rule specifically permits erroneous filing of proofs of claim to be deemed to be proper only if the document was "intended to be filed" with the Court. *See also* Bankruptcy Rule 3002(b). The IRS cannot take advantage of Bankruptcy Rule 5005(b) because nothing in its Notice suggest that the Notice was intended to be filed with the Court. In addition the debtor is not among the people listed in Bankruptcy Rule 5005(b) as being eligible recipients of erroneous filings that can be deemed proper.

**6.** The exception to the automatic stay found in 11 U.S.C. § 362(b)(9) allowing the IRS and other tax collectors to issue deficiency notices without violating the automatic stay in no way suggests that such notices are to serve as a substitute for the claims process. Instead, such legislative history as exists in connection with 11 U.S.C. § 362(b)(9) suggests that the section was enacted to enable debtors to be able to more quickly take their personal tax cases to Tax Court. *See* 124 Cong.Rec. H11110 (daily ed. Sept. 28, 1978); S17426 (daily ed. Oct. 6, 1978) (remarks of Rep. Edwards and Sen. DeConcini). *See also* 11 U.S.C. § 505(c). It is worth noting that 11 U.S.C. § 362(b)(9) permits the issuance of tax deficiency notices only to debtors. Claims in bankruptcy cases are asserted against estates rather than against debtors as such claims are payable by the debtor's estate rather than by debtor personally. *Compare, e.g.,* 11 U.S.C. § 726 with § 727(b). Moreover, payments to creditors in Chapter 7 or 13 cases usually are made by trustees from estate property, not by debtors from their own assets. *See, e.g.,* 11 U.S.C. §§ 1306, 1326(c).