In re Edward S. HONDA and LaVern H. Honda, Debtors.

Bankruptcy No. 87–00165.

United States Bankruptcy Court, D. Hawaii.

Oct. 4, 1989.

See also, Bkrtcy., 106 B.R. 209.

Ted Pettit, Honolulu, Hawaii, for debtors.

Wayne K.T. Mau, Honolulu, Hawaii, for respondent.

## MEMORANDUM DECISION RE: OBJECTION TO ALLOWANCE OF CLAIMS BY BANK OF HAWAII

JON J. CHINEN, Bankruptcy Judge.

On May 18, 1989, Edward S. Honda and LaVern H. Honda (jointly known as "Debtors") filed an Objection to Allowance of Claims by Bank of Hawaii ("Objection") based upon the untimely filing of Bank of Hawaii's ("BOH") proof of claim. After considering the various memoranda filed by both parties to the Objection, the Court orally ruled at the continued hearing conducted on July 19, 1989 that the Objection would be taken under advisement and proposed memorandum decisions would be entertained by the Court. Based upon the records in the file, including the parties' proposed memorandum decisions, and arguments of counsel, the Court now renders this memorandum decision.

A review of the facts is helpful:

The Debtors are indebted to BOH on certain personal guaranties made in conjunction with the obligations of Builders' Products Corporation ("Builders' Products"). BOH made several loans to Builders' Products and held as security several mortgages and personal guaranties of the Debtors.

Builders' Products, a materials and construction company owned by Edward S. Honda, filed a Voluntary Petition Under Chapter Eleven on September 9, 1986. *Builders' Products Corporation*, Case No. 86–00623, U.S. Bankruptcy Court, District of Hawaii ("Builders' Bankruptcy"). BOH actively participated in the Builders' Bankruptcy and filed its Motion to Lift Stay and

for Adequate Protection on November 5, 1986. BOH's motion was subsequently denied on December 5, 1986.

Debtors filed their Voluntary Petition Under Chapter Eleven on March 2, 1987 with a list of creditors. BOH was not listed as a creditor. On March 3, 1987, an Order for Meeting of Creditors was entered herein. The Order for Meeting of Creditors in addition to scheduling the meeting of creditors also established the claim bar date. The order stated in its customary manner:

> Creditors: File your claims *NOW.* Disputed claims not filed by bar date generally are not allowed. Bar date is *July 8, 1987.* (emphasis added).

On March 11, 1987, the Certificate of Service Re: Order for Meeting of Creditors filed herein evidenced the service of the Order for Meeting of Creditors upon BOH. Therefore, there is no dispute as to BOH having received actual notice of the claim bar date.

The Debtors filed their Statement of Financial Affairs for Debtors Engaged in Business and Schedules of Assets and Liabilities ("Schedule") on July 30, 1987. The Schedules did not reflect BOH's claims. On August 5, 1987, BOH's attorney requested by letter to the attorney for the Debtors that the Schedules should be amended to reflect the third and fourth mortgage liens held by BOH on the Debtors' residential property and to amend the Schedules to show an unsecured claim owing to BOH for an Executive Visa account in the amount of $7,909.96. BOH's letter did not refer to the unsecured claims for deficiencies arising from BOH's secured claims or an unsecured claim based on the Debtors' personal guaranties for BOH's loans to Builders' Products. Debtors filed Amended Schedules on September 8, 1987 showing the amendments requested by BOH.

BOH renewed its Motion for Relief from Automatic Stay or in the Alternative, for Adequate Protection and filed it on October 28, 1987 in this case and in the Builders' Bankruptcy. Subsequently on January 11, 1988, the Order Granting Motion for Relief from Automatic Stay was entered in both cases. BOH foreclosed on its collateral and ultimately experienced a deficiency.

On February 16, 1989, BOH filed Proof of Claim No. 12 in this case for the amount of $793,598.93 plus other accrued interest and attorney's fees and costs based on the Debtors' personal guaranties for BOH loans to Builders' Products. The instant controversy centers on the filing of this proof of claim.

Under a Chapter 11 case, "[T]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Bankruptcy Rule 3003(c)(3). In this case, the Court did establish the claim bar date as July 8, 1987 in the Order for Meeting of Creditors. BOH filed a tardy proof of claim for its unsecured interest on February 19, 1989, approximately 1½ years after the claim bar date.

The general rule regarding an unsecured creditor is "[A]n unsecured creditor ... must file a proof of claim or interest in accordance with this rule for the claim or interest to be allowed, ...." Bankruptcy Rule 3002(a). "Unless a claim is filed or an extension obtained within the original claim period, an unsecured claim is time barred regardless of its merits." *Matter of Burrell*, 85 B.R. 799, 801 (Bankr.N.D.Ill.1988); *Wilkens v. Simon Brothers, Inc.*, 731 F.2d 462 (7th Cir.1984).

Pursuant to Bankruptcy Rule 3003(c)(3), an extension for time to file a proof of claim may be granted when cause is shown. BOH concedes that it did not obtain an extension for time in which to file its proof of claim. However, BOH argues that it has filed an informal proof of claim, and the effect of the filing of the proof of claim for the deficiency was to amend its informal proof of claim. The question is whether BOH had established a timely informal proof of claim which can be amended.

■ The Ninth Circuit has promulgated a "long-established liberal policy towards amendment of proofs of claim". *In re Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1381 (9th Cir.1985); *In re Sambo's Restaurants,*

*Inc.*, 754 F.2d 811, 816 (9th Cir.1985); *In re Franciscan Vineyards, Inc.*, 597 F.2d 181, 182 (9th Cir.1979) (per curiam), *cert. denied*, 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980); *In re Hotel St. James Co.*, 65 F.2d 82 (9th Cir.1933). Section 501 of the Bankruptcy Code provides for the filing of a formal proof of claim. However, in addition to a formal proof of claim, an informal proof of claim may be created by written documentation, including correspondence and pleading, which is amendable. *Pizza of Hawaii*, 761 F.2d at 1381; *Sambo's Restaurants*, 754 F.2d at 815; *Charter Co. v. Dioxin Claimants*, 876 F.2d 861 (11th Cir.1989).

■ Requirements for establishing an informal proof of claim are three-fold. The document which acts as an informal proof of claim must evidence the nature and amount of the claim, and must show the clear intent of the claimant to hold the debtor liable. *Pizza of Hawaii*, 761 F.2d at 1381; *Sambo's Restaurants*, 754 F.2d at 815; *In the Matter of Evanston Motor Co.*, 26 B.R. 998, 1001 (N.D.Ill.1983). Finally, the document in order to be considered an informal proof of claim must be directed to the proper party prior to the claim bar date. *Burrell*, 85 B.R. at 801; *In re Stern*, 70 B.R. 472, 476 (E.D.Pa.1987). Mere knowledge of a claim alone is insufficient to constitute an informal proof of claim against the debtor. *United States v. International Horizons, Inc.*, 751 F.2d 1213 (11th Cir.1985); *Evanston Motor*, 26 B.R. at 1000.

In following the requirements for establishing an informal proof of claim, this Court has reviewed its files and record of the Debtors' case in order to find any written documentation, including correspondences or pleadings, which could be construed as an informal proof of claim. As a result of the Court's exhaustive search, it was unable to uncover any instrument in this case which could be interpreted as an informal proof of claim made on behalf of BOH. Furthermore, counsel for BOH has failed to produce any written document which possibly could be interpreted in this case as an informal proof of claim. Ac-

cordingly, this Court finds that no informal proof of claim created by BOH exists in the Debtors' case prior to the claim bar date of July 8, 1987.

BOH cites *Sambo's Restaurants, supra* and argues that certain pleadings it has filed in the Builders' Bankruptcy could be characterized as a valid informal proof of claim in the Debtors' case. However, BOH's reliance of *Sambo's Restaurants* is misplaced.

In *Sambo's Restaurants*, a creditor filed a wrongful death complaint against the debtor in a United States District Court, which was subsequently dismissed without prejudice since it was made in violation of the automatic stay. Five months after the claim bar date had passed, the creditor moved the bankruptcy court for leave to amend the wrongful death complaint by characterizing it as an informal proof of claim.

On appeal, the United States Court of Appeals, Ninth Circuit, affirmed the district court's reversal of the bankruptcy court's order denying the creditor's motion for leave to amend. The Ninth Circuit recognized the general rule that informal proof of claim need not appear on the bankruptcy court's records or its files. *Sambo's Restaurants*, 754 F.2d at 814. In addition, the Ninth Circuit noted that "we are liberal in what kind of documentation we will treat as a sufficient informal proof of claim" and held that the wrongful death action filed in the district court did set forth the nature, amount and the creditor's intent to hold the debtor liable, thereby establishing an informal proof of claim. *Sambo's Restaurants*, 754 F.2d at 816.

■ Pursuant to the holding in *Sambo's Restaurants*, BOH asserts that the Motion to Lift Stay and for Adequate Protection filed on November 5, 1986 and the Request for Oral Hearing on Motion to Amend Order Denying Motion for Relief from Automatic Stay filed on March 4, 1987 in the Builders' Bankruptcy can be considered as informal proofs of claim in this case. This Court would take judicial notice of the aforementioned pleadings made in the Builders' Bankruptcy as informal proofs of

claim in the instant case only if they satisfy the deeply rooted requirements of an informal proof of claim long espoused in the Ninth Circuit.

The motion to lift stay and the request for oral hearing arguably could satisfy the requirement that they state the nature and amount of BOH's claim and its intent to hold Debtors liable for the deficiency. However, the fact that neither pleading was directed to the Debtors nor served upon the Debtors avoids such determination. Both pleadings fail to satisfy the requirement that it be directed to the proper party, which in this case are the Debtors. The certificates of service for both pleadings represent that service was made upon Builders' Products and its attorney and other parties-of-interest. There is no record which indicates that Debtors, Edward S. Honda and LaVern H. Honda, jointly or severally received copies of the aforementioned pleadings from BOH. The failure on BOH's part to satisfy the requirement that the document be directed to the proper party prior to the claim bar date prevents this Court from finding that either pleading constitutes an informal proof of claim.

Furthermore, the motion for relief from stay was filed before the inception of the Debtor's estate. This Court will not allow the creation of an informal proof of claim by a writing made prior to the existence of the debtor estate. To take judicial notice of a pleading filed prior to the existence of the debtor estate would prejudice the debtor and those creditors who have filed timely proofs of claim. To endorse the characterization of pre-petition documents as informal proofs of claim would contravene the policy for filing formal proofs of claim. Therefore, the Motion to Lift Stay and for Adequate Protection filed in the Builders' Bankruptcy cannot be considered as an informal proof of claim.

A creditor must take the necessary action to protect his interest. Failure to protect his interest will be considered as a waiver. As an undersecured creditor, BOH should have known of the possible deficiency resulting from the foreclosure and should have taken the appropriate action to protect that interest. BOH is not a naive participant in the area of bankruptcy law. As one of the largest financial institutions in Hawaii, BOH is well aware of its interests and the method of utilizing the bankruptcy laws to protect them. BOH had the opportunity to do so. Proper notice of the claim bar date was given and received by BOH. Also, BOH was an active participant in this case and the related Builders' Bankruptcy. But it failed to file a proof of claim within the bar date. It also failed to file an informal proof of claim which could be amended.

Based upon the foregoing reasons, IT IS HEREBY ORDERED, DECREED AND ADJUDGED that Debtors' Objection to Allowance of Claims by Bank of Hawaii be granted and Proof of Claim No. 12 filed herein on February 16, 1989 is disallowed.