end on June 5, 1938, shall terminate immediately.

The United States attorney has now entered the habeas corpus proceedings and has filed a memorandum in which he cites authorities for the proposition "that where a federal probationer is proceeded against in a state court, without authority of the federal court of his probation, there is a direct interference with federal jurisdiction," citing Grant v. Guernsey, 10 Cir., 63 F.2d 163; Dillingham v. United States, 5 Cir., 76 F.2d 35; In re Craig,[1] U. S. District Court, Southern District of Illinois.

That was the theory upon which this court issued the writ of habeas corpus, namely, that while the relator was in custody under the probation order of this court, the state court could not take him out of that custody without the consent of the federal court. The discharge in the habeas corpus proceeding reflected merely the court's opinion on the question of the then rightful custody of the relator. The court is still of the opinion that the state court mittimus could not take the relator out of the custody of the federal court under that court's probation order. The petition to vacate the order of discharge must therefore be denied.

In litigation between the relator and the state, however, it has been decided that the state court judgment is valid. Since the state by its petition has averred that it wants this relator on its judgment, now that he has had an opportunity to obtain an adjudication as to its validity, it seems to me that this court should not stand in the way. Relator has been on probation a little short of the two years provided by the order of probation. If, as the reports indicate, his conduct has been exemplary, such fact can be brought to the attention of the parole authorities of the state of Illinois.

To paraphrase language used in Ponzi v. Fessenden, 258 U.S. 254, 264, 42 S.Ct. 309, 312, 66 L.Ed. 607, 22 A.L.R. 879, the probation order should not now be used as a sanctuary or as a means of conferring immunity from the laws of the state of Illinois.

On the motion of the state's attorney to amend the order of probation, an order will be entered in cause 29505 that Speece surrender to the marshal of this district in the United States courthouse at Chicago, Ill., at 10 o'clock in the morning of May 5, 1938, and the marshal of this district is thereupon directed to deliver said Speece to the sheriff of Cook county on said mittimus of the criminal court of Cook county in indictment No. 36—0365 entitled People of State of Illinois v. Alvin F. Speece, et al.; and the order of probation heretofore entered in said cause 29505 in this court is hereby amended to expire on May 5, 1938, after the delivery of said Speece to the sheriff of Cook county has been made by the marshal.

## In re KECK et al.*
### No. 15076.

District Court, W. D. Pennsylvania.

Theodore L. Wilson, of Clarion, Pa., referee in bankruptcy for Clarion county, Pa.

Leslie R. Himes, of New Bethlehem, Pa., trustee.

Sachs & Caplan and Leonard M. S. Morris, all of Pittsburgh, Pa., for C. I. T. Corporation.

*Order affirmed C. I. T. Corporation v. Himes, 98 F.2d 589.

[1] No opinion for publication.

122

GIBSON, District Judge.

On May 3, 1930, the C. I. T. Corporation, under the above caption, filed its claim with the referee. The second paragraph of the claim reads as follows: "2. That J. S. Keck and Leslie C. Spindler, individually and as partners trading as Keck's New Garage, the persons against whom a petition for adjudication in bankruptcy has been filed, were, at and before the filing of said petition, and still are, justly and truly indebted to said C. I. T. Corporation in the sum of $18,803.55."

The succeeding paragraph sets out the consideration of the debt. By it only a partnership debt was disclosed.

On August 19, 1936, a meeting of the creditors of J. S. Keck, individually, was held for the purpose of examining and passing upon the final account of the trustee. At this meeting the attorney for the C. I. T. Corporation objected to the account, as it did not include his client as one of the individual creditors. He asserted that the second paragraph of the proof, supra, was sufficient to establish a claim against the individual estates of the partners. The referee ruled against this contention, and at an adjourned meeting refused to admit in evidence a written guaranty of J. S. Keck of the partnership debt. He also refused to allow the amendment of the proof of claim in order that it should disclose a claim against the individual estates of the partners, holding that the request for such allowance was not timely. These rulings of the referee have been certified to this court for review.

Considered by itself, the second paragraph of the original proof of claim would be sufficient to indicate a claim against the individual estates of the partners and to bring it within the scope of the ruling in Re Kardos, 2 Cir., 17 F.2d 706, by which an amendment was held proper after the statutory period for filing claims had expired. The facts of the Kardos Case and those of the instant matter, however, are not entirely parallel. In the Kardos matter the claim against the individual had the same foundation as that against the partnership. In the present proceeding the claimant set forth at some length, and with considerable specification, a claim against the partnership. The specific quality of it tended to contradict the general claim of the second paragraph and to remove from the mind of the trustee any idea that a claim was being made against the estates of the individual bankrupts. But while this lack of notice militates against the claim, it is not the most serious objection to the allowance of it or the amendment prayed. As appears in the proceeding before the referee, the claim against the individuals upon which the C. I. T. Corporation relies is founded upon a written guaranty by each partner. The claim as filed makes no mention of any such instrument. Section 57b of the Bankruptcy Act, 11 U.S.C.A. § 93(b), provides: "Whenever a claim is founded upon an instrument of writing, such instrument, unless lost or destroyed, shall be filed with the proof of claim." To effectuate any amendment of claim the guaranty would have to be filed. An effective amendment would in reality be a new claim, invalid under section 57n, as amended, 11 U.S.C.A. § 93(n). See In re G. L. Miller & Co., 2 Cir., 45 F.2d 115, 116, by the same Circuit Court of Appeals which decided In re Kardos.

The referee's denial of the claim as filed, and of the prayer to amend, is sustained.