In the Matter of **CROWN CABINETS, INC., Bankrupt.**

**J. L. LEACH, Trustee, Appellant,**

v.

**SMALL BUSINESS ADMINISTRATION, Appellee.**

No. 73-2817

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Dec. 4, 1973.

E. Louis Adams, Donald D. Rentz, Albany, Ga., for appellant.

William J. Schloth, U. S. Atty., C. Nathan Davis, Asst. U. S. Atty., Macon, Ga., for appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Appellant Leach, the trustee in bankruptcy, appeals from an order of the district court allowing the claim of the Small Business Administration as a priority claim under 11 U.S.C.A. § 104(a)(5) and 31 U.S.C.A. § 191. The referee in bankruptcy had upheld the trustee's petition to disallow the priority, since the original claim did not clearly show that the claim was entitled to it and the attempted amendment was not timely offered. We affirm the district

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

court's order permitting the amendment and allowing priority for the claim.

On February 6, 1969, Crown Cabinets negotiated a loan from the S.B.A. and the National Bank of Albany, Georgia, for $55,000. The S.B.A. supplied seventy-five percent of the loan funds and the bank supplied the other twenty-five percent. Thus, it was an "immediate participation" loan, since the S.B.A. actually advanced funds at the outset rather than merely acting as guarantor. If properly proved, it was entitled to its statutory priority under the rule of Small Business Administration v. McClellan, 1960, 364 U.S. 446, 81 S.Ct. 191, 5 L.Ed.2d 200. The sole issue is whether the S.B.A. satisfactorily proved the claim.

Crown Cabinets, Inc. was adjudicated a bankrupt on April 26, 1971. The S.B. A. filed its original proof of claim on May 25, 1971, one day before the first meeting of creditors. In pertinent part, the proof of claim stated that

this claim is filed as a secured claim up to the value of the above-listed security *and as a priority claim (11 U. S.C. § 104a(5) and 31 U.S.C. § 191)* as to the deficiency between the amount due on the claim and the value of the security . . . . (emphasis added)

It may well be true, as Leach asserts, that fully sufficient documentary proof of the nature of the S.B.A. claim was not offered until the attempted second amended proof of claim on December 22, 1972, well after the six month statutory deadline for the filing of claims.[1] Still, the quoted portion of the original proof of claim was enough to put the referee on notice that the S.B.A. was asserting a claim that was entitled to priority.

A bankruptcy court, in the person of the referee in bankruptcy, sits as a court of equity, duty bound to examine each claim to see that injustice is not done and that all claims are fairly considered. Pepper v. Litton, 1939, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281. We agree with the District Court that, had the referee handled the matter equitably, once put on notice by the original claim, he would have inquired into the basis for the asserted priority and determined its validity. Had he done so, the claim could have been properly established well within the six month period, obviating the necessity of the late amendment. At the least, the referee would have been in a position to recognize the late amendment as a proper amendment supplying more fully the proof of the original claim rather than a belated assertion of an entirely new claim.

Appellant Leach relies on three cases disallowing late amendments as support for the referee's action here. None of the cases is in point, however, since they involved original claims that were insufficient even to put the referee on inquiry as to the basis of the claim asserted in the late amendment. In In re Keck, W.D.Pa.1938, 23 F.Supp. 121, 122, the court stated that "the claim against the individuals upon which the C.I.T. Corporation relies [i. e., the amended claim] is founded upon a written guaranty by each partner. The claim as filed [the original claim] makes no mention of any such instrument." The court in In re G. L. Miller & Co., 2d Cir. 1930, 45 F.2d 115, 116, identified the issue before it as

whether there may be substituted by amendment after the expiration of the statutory six months a wholly new and different cause of action of which no intimation whatever was given in the original claim.

In Wheeling Valley Coal Corp. v. Mead, 4th Cir. 1949, 171 F.2d 916, 918, "[n]o claim whatever was ever filed within the

1. 11 U.S.C.A. § 93(n) provides in part:
Except as otherwise provided in this title, all claims provable under this title, including all claims of the United States and of any State or any subdivision thereof, shall be proved and filed in the manner provided in this section. Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed. . . .

statutory period against the bankrupt for the items covered in Amended Claim No. 432."

In this case, we think the original filing adequately put the referee on notice of the nature of the S.B.A. claim. In the exercise of his equitable powers, he should have inquired further. Had he done so and learned the basis of the claim to priority, he would have recognized the offered amendment as a proper amendment rather than the assertion of an entirely new claim. The district court was correct in holding that the offered amendment should have been accepted and that the claim of the S.B.A. should have been allowed priority.

Affirmed.