PER CURIAM.
 

 Donovan Wire & Iron Company (Donovan) filed for Chapter 11 bankruptcy at the same time as its wholly owned subsidiary Central Steel Tube Company (Central). Bethlehem Steel Corporation (Bethlehem) sold steel to Central under three guaranties by Donovan for payment. At Donovan’s
 
 *39
 
 insistence, each of the guaranties expired after one year and was replaced by the next guaranty. Bethlehem timely filed a proof of claim including the invoices for steel shipments to Central and a copy of only the third guaranty.
 

 At a hearing held after the date barring filings of proof of claims, Bethlehem attempted to file the other two guaranties, but the bankruptcy court
 
 [1]
 
 ruled that such a filing was a new claim and therefore impermissible. That court also ruled that the unamended claim should be disallowed for lack of consideration. There was no consideration because the invoices only showed shipments on credit under the prior guaranties.
 

 The district court
 
 [2]
 
 upheld the disallowance of the unamended claim, but allowed Bethlehem’s amended proof of claim, reversing the bankruptcy court. We affirm the district court’s decision in part and reverse in part.
 

 In reaching its decision, the district court relied on this court’s decision in
 
 In re Uhlenhopp,
 
 508 F.2d 412 (8th Cir.1975) (per curiam). In that case, the proof of claim concerned a mortgage. The mortgage contained blanks where the terms of a note could be inserted. The creditor attached the wrong note, dated March 4,1969, to the proof of claim. This court permitted him to amend his proof of claim by filing the correct note dated October 2, 1963, and stated:
 

 As the referee aptly noted in his memorandum, “[t]o deny the claimant * * * permission to amend his claim because he forgot to append a note, and, in fact, appended the wrong note to his Proof of Claim form would be most inequitable and would be contrary to case law, including that of the Eighth Circuit.”
 

 Id.
 
 at 414.
 

 In an earlier bankruptcy case, this court expressed the policy behind permitting untimely amendments to a proof of claim:
 

 The limitation of time within which proofs of claim should be made must necessarily be observed. Such disposition of bankruptcy cases that creditors may expeditiously realize what they may is important and necessary; but the substance of things, and not the forms merely, should be observed. Bankruptcy proceedings are equitable in their nature, and should be as far as possible conducted on broad lines to accomplish the ultimate purpose of distributing the assets of a bankrupt pro rata among his creditors.
 

 In re Faulkner,
 
 161 F. 900, 903 (8th Cir.1908). In that case affidavits of unpaid balances due on certain notes were adjudicated as amendments to an earlier proof of claim against the debtor. “[T]he courts should be liberal in awarding amendments * * * ‘at any stage in the proceedings as justice may require.’ ”
 
 Id.
 
 (quoting
 
 Love-land on Bankruptcy
 
 § 92 (3d ed.)).
 

 The appellant asserts that because Bethlehem made a formal proof of claim, its attempted substitution of the proper guaranties cannot be permitted. Donovan thereby attempts to limit the applicability of the many cases, permitting amendment of informal proofs of claim if the informal proof of claim showed the amount, nature, and existence of a claim.
 
 See generally
 
 3 W. Collier,
 
 Bankruptcy
 
 ¶ 57.11[3] (14th ed. 1974). This court does not recognize such a fine distinction:
 

 “Great liberality in permitting amendments of claims in bankruptcy proceedings is proper, but the statute requiring that a proof of claim in writing be filed is clear, positive and unambiguous and it must not be nullified in the name of equity. If the record made within the statutory period,
 
 formal or informal,
 
 disclosed facts showing an assertion of a claim against the estate and an intention by the claimant to share in its assets, there would be a basis for the proposed amendment *
 
 *
 

 
 *40
 

 Tarbell v. Crex Carpet Co.,
 
 90 F.2d 683, 685-86 (8th Cir.1937) (emphasis added) (quoting with approval the opinion of the district court). In
 
 Tarbell
 
 a late proof of claim was not treated as an amendment, but in that ease absolutely nothing had been timely filed. Therefore, the court held that there was nothing to amend.
 
 Id.
 
 at 686.
 

 The Fifth Circuit Court of Appeals has also permitted amendment of a proof of claim under facts analogous to the instant case.
 
 In re Whicker,
 
 47 F.2d 106 (5th Cir.1931). In that case, the creditor filed a proof of claim secured by a deed of trust. However, that deed of trust was invalid. The court permitted the creditor to amend his proof of claim by filing the earlier, valid deed of trust.
 

 Donovan relies primarily on two cases to support its theory that Bethlehem’s filing was a new claim.
 
 In re Keck,
 
 23 F.Supp. 121 (W.D.Pa.1938);
 
 In re W.T. Grant Co.
 
 53 B.R. 417 (Bankr.S.D.N.Y.1985). Both cases are factually distinguishable from the instant case. In
 
 Keck,
 
 the creditor was not permitted to amend his proof of claim to show guaranties against individual partners when the original proof of claim was against the partnership.
 
 Keck,
 
 23 F.Supp. at 122. In
 
 Grant
 
 the creditor’s proof of claim arose under a lease for certain property in Homewood, Illinois. The court did not permit the creditor an untimely amendment of that proof of claim so as to include a lease for property in Olean, New York. The court found that the two leases were separate, and that no mention of the second lease was to be found in the original proof of claim.
 
 Grant,
 
 53 B.R. at 421.
 

 The district court correctly concluded that Bethlehem should be permitted to amend its proof of claim, and that the proof of claim, as amended, was allowable.
 
 [3]
 
 However, at oral argument Bethlehem conceded that it had recovered a pro rata share from Central for the identical steel shipments. Thus, this case is remanded to the district court for a determination of that amount already recovered, which is to be subtracted from the total amount of Bethlehem’s claim. Bethlehem is to take its proportionate share from the creditors’ fund for only that portion of the claim not already received from Central.
 

 Affirmed in part; the cause to be remanded to amend the amount of judgment.
 

 [1]
 

 . The Honorable Richard Stageman, United States Bankruptcy Judge for the Southern District of Iowa, presiding.
 

 [2]
 

 . The Honorable William C. Stuart, United States District Judge for the Southern District of Iowa, presiding.
 

 [3]
 

 . Although Donovan also asserts that Bethlehem’s claim should be barred because of prejudice to Donovan, Donovan conceded at oral argument that the Chapter 11 plan had been approved, and that the creditors’ committee had accepted the risk that the district court’s decision would be upheld on appeal.