**In re TOYS PLUS, INC., Debtor.**

**Bankruptcy No. 87–03864–BKC–JJB.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

April 11, 1989.

---

Robert J. Blackwell, Clayton, Mo., trustee.

Mark A. Bertsch, Clayton, Mo. and John Young, Jr., Ziercher & Hocker, St. Louis, Mo., for trustee.

Randall A. Martin, St. Louis, Mo., for debtor.

Francis X. Buckley, Jr., St. Louis, Mo., for Mercantile Bank.

Steven N. Cousins and David L. Going, St. Louis, Mo., for NCR.

Edward Quillin, Hoover & Eggleston, Dallas, Tex., for Monroe Venture One.

Brown Maroney Rose Barber & Dye Adam I. Hauser, Austin, Tex.

J. Hamilton Rial, III, Locke, Purnell Rain Harrell, Dallas, Tex.

Peter D. Kerth, Clayton, Mo.

Brent C. Devenney, Monroe, La.

David A. Warfield, St. Louis, Mo., for Branson & Associates.

## ORDER

JAMES J. BARTA, Chief Judge.

The parties appeared by counsel at the hearing on April 5, 1989 and presented oral arguments with respect to the Objection of Branson & Associates, Inc. ("Branson") to the Trustee's Notice of Settlement of certain claims. Upon consideration of these arguments and the legal memoranda filed by the Parties, the Court announced its Order from the bench.

The Debtor, either directly or through subsidiaries, operated several retail toy stores in several states. As part of his efforts to liquidate the estate assets and determine the amount of estate liability, the Chapter 7 Trustee requested that the Court establish a bar date by which time all priority landlord administrative expense claims were to have been filed. The Court's Order setting August 3, 1988 as the last day to file such claims was incorporated into a notice which was mailed to all affected creditors. Branson & Associates,

Inc. did not file a proof of claim for administrative expenses prior to this bar date. In response to the Trustee's Notice of Settlement which listed Branson as the holder of an unsecured claim, Branson filed its objection and requested that the Court grant its motion to amend a previous proof of claim from the status of "unsecured" to the status of "priority".

■ As a court of equity, the Bankruptcy Court must insure that all claims are fairly considered. *In the Matter of Crown Cabinets, Inc.*, 488 F.2d 91, 92 (5th Cir. 1973). Therefore, it is within the power of the Bankruptcy Court to allow an amendment to an informal document so that these documents may be deemed to have been filed in a timely fashion as a proof of claim. See, *Matter of Donovan Wire and Iron Company*, 822 F.2d 38 (8th Cir.1987).

■ The informal document in this case is a letter dated February 19, 1988 from a Branson representative to the Bankruptcy Trustee. Thereafter, on February 25, 1988, Branson filed a formal proof of claim in the amount of $10,748.39, requesting payment as an unsecured claim based upon a certain commercial lease. On July 28, 1988, Branson filed a formal "Amended Proof of Claim" in the amount of $22,-248.77, requesting payment as an unsecured claim based upon the same commercial lease. The only difference between the two filings was the larger amount claimed on July 28, 1988. The combination of these timely filed documents clearly shows that Branson was asserting a claim against the estate, and that Branson intended to share in the assets of the estate, and that the claim was for post-petition rents. However, the claim is also clearly identified by Branson as an unsecured claim. It is not possible to determine from any of the three documents that Branson is claiming a priority expense of administration pursuant to 11 U.S.C. § 503(b). As a matter of law, the Branson claim would then have been allowed as a general unsecured claim.

The circumstances in this case do not support the Claimant's request to alter this legal conclusion. The Trustee has reported

that numerous other landlords have filed proofs of claim in this and a related case. Several of the claims are filed as unsecured claims even though all or a portion of the amounts appear to have arisen during the pendency of this case. Therefore, it is not unreasonable for the Trustee and other creditors to have believed that, for whatever reason, certain creditors had elected to not pursue a claim for a priority administrative expense.

A review of the record reflects that the Trustee has entered into several settlement agreements with claimants who had filed priority claims. The Trustee has reported that these settlements were based upon a global consideration of the number of priority claims which had been filed, and the amount of money available in the estate. This consideration of priority claims did not include the amounts claimed by Branson and other creditors who might attempt to amend their claim and obtain payment as an expense of administration.

Therefore, the Court has concluded that the interests of other creditors would be unnecessarily prejudiced if Branson's motion were to be granted. The record has not established that this prejudice would be overcome by the loss which may result to Branson if the amendment is not allowed. In this case, equity may not nullify the statute requiring that a proof of claim be clear, positive, and unambiguous. See, *Donovan, supra* at 39.

IT IS ORDERED that this hearing be concluded; and that the Objection of Branson & Associates, Inc. to the Trustee's Notice of Settlement is overruled; and that unless otherwise objected to, said Creditor's claim is allowed as a general unsecured claim.