**In re WILBERT WINKS FARM, INC., Debtor.**

**Bankruptcy No. 84–04229S.**

United States Bankruptcy Court, E.D. Pennsylvania.

May 11, 1990.

Robert M. Reibstein, Narberth, Pa., for Century Seafoods.

Leslie Beth Baskin, Rubin, Quinn, Moss & Heaney, Philadelphia, Pa., for trustee.

Edward J. DiDonato, Phildelphia, Pa., for trustee.

## MEMORANDUM

DAVID A. SCHOLL, Bankruptcy Judge.

Century Seafoods, Inc. ("Century") filed a Motion to Allow Late Filing of Claim ("Motion") in the instant Chapter 7 bankruptcy case on March 7, 1990. The Trustee filed an Answer to the Motion on March 28, 1990. A hearing on the Motion was held on May 8, 1990, and neither party expressed a desire to submit Briefs.

This case, one of the oldest on our docket, was commenced on December 6, 1984, by the filing of an involuntary petition by a single creditor, Century, against the Debtor. An Order granting relief was entered on February 25, 1985, by our predecessor, the Honorable William A. King, Jr. Throughout the course of the case, the Debtor's assets, including a liquor license, furniture, and equipment, were sold.

Unfortunately, the speed of administration of this case by the former Trustee, James Wade, and his counsel was abysmal. After an auction sale of most of the Debtor's assets in late 1985, virtually nothing occurred in this case until spring, 1988, when the Trustee moved to renew and sell the liquor license. Then, nothing further occurred until the Clerk's Office listed the matter for a show cause hearing on September 14, 1989. Shortly thereafter, on the motion of the United States Trustee to remove the Trustee for cause, we directed, per Order of September 19, 1989, that the Final Audit papers be filed by October 1, 1989; an audit hearing be conducted on October 31, 1989; an Order for Distribution be presented by January 1, 1990; and the case be closed by March 1, 1990.

In the midst of these proceedings, the former Trustee was removed for cause pursuant to 11 U.S.C. § 324(a) in another case, and shortly thereafter was relieved of his duties in this and other cases in which he was Trustee pursuant to 11 U.S.C. § 324(b). The filing of the Audit papers and the Audit hearing were held as directed, although the successor Trustee was accorded until March 1, 1990, and May 1, 1990, to submit an Order for Distribution and close the case, respectively. An Order for Distribution was entered on March 6, 1990, the day before the filing of the instant Motion.

The resolution of the instant Motion significantly affects the distribution to be made of the assets of the estate. Therefore, if this Motion is granted, we must direct the Trustee to redo the previously-submitted Order of Distribution in the course of the long path towards completing administration of this case.

In November, 1989, Century claims to have received notice from the court setting February 1, 1990 ("the Bar Date"), as the last date for filing a proof of claim in light of the fact that assets remained available for distribution. This is consistent with the court's docket which shows that such notice was mailed to twenty-one (21) individuals or entities on October 27, 1989. Pursuant to our Final Order of Distribution of March 6, 1990, Century would receive no distributions from the estate. However, the Trustee has not yet effected a distribution pursuant to that Order.

In response to the notice, Century avers that the secretary for Century's counsel called the Bankruptcy Court Clerk's Office ("Clerk's Office") and asked one of the deputy clerks whether Century was obliged to file a proof of claim. The deputy clerk allegedly said that Century need not file a proof of claim and, relying upon that information, Century did not file a proof of claim. Century now moves for permission to file a late proof of claim. We also note that, per our direction in a colloquy with counsel on May 8, 1990, in which we observed that such a filing was necessary to determine the amount of its claim, Century filed a formal proof of claim on May 8, 1990.

Before we reach the substantive issue before the court, we are obliged to express our dismay with Century's counsel for relying upon alleged statements made by a deputy clerk in the Clerk's Office to his secretary as the sole basis for making legal decisions which significantly impact upon his client's rights. All counsel are well aware, or should be, that they may not rely upon statements made by any court personnel in making legal decisions. Here, moreover, the advice tendered was sought through the medium of a secretary whose ability to ask the proper questions or properly transmit the response is not established. Seeking such advice in the first place is improper. If Century's counsel had read the Bankruptcy Code and Bankruptcy Rules and researched case law regarding proofs of claim, he would have known that Century needed to file a proof of claim on behalf of his client. We strongly disapprove of counsel attempting to take "shortcuts" in the performance of his duties and then blaming the Clerk's Office and/or his secretary for adverse results.

Century, however, is fortunate in that its rights are protected by the general policy of allowance of informal claims. As our colleague, the Honorable Bruce Fox, noted in *In re Ungar*, 70 B.R. 519, 520 (Bankr.E. D.Pa.1987),

> [o]nce courts refused to extend the bar date for filing claims but allowed defective claims to be amended, a category developed known as an "informal" proof of claim.

We adopted Judge Fox's holding in *In re United Minerals & Grains Corp.*, Bankr. No. 86–00877 at 2 (Bankr.E.D.Pa. Feb. 18, 1988), stating that

> [a]s Judge Fox recently held in *In re Unger* [sic], 70 B.R. 519, 521–23 (Bankr. E.D.Pa.1987), despite the strict construction of the bar date as the equivalent of the date of the running of a period of limitations in this Circuit, *In re Pigott*, 684 F.2d 239, [241] (3d Cir.1982); and *In re Owens*, 67 B.R. 418, 423 (Bankr.E.D. Pa.1986), [*aff'd*, 84 B.R. 361 (E.D.Pa. 1988) ], recognition of a category of de-

fective claims as "informal proofs of claim has developed.

*See also In re Clark*, 96 B.R. 569, 573 (Bankr.E.D.Pa.1989); and *In re Stern*, 70 B.R. 472, 476 (Bankr.E.D.Pa.1987) (FOX, J.)

■ We agree with Judge Fox, and hold that the validity of an informal proof of claim must be recognized. However, we further hold that the filing must be in the form of a pleading filed in the Bankruptcy Court which shows "that a demand is made against the estate" and "the creditor's intention to hold the estate liable." *Ungar*, 70 B.R. at 521–23 (quoting *In re Thompson*, 227 F. 981, 983 (3d Cir.1915)).

Some courts require that a proper informal proof of claim also set forth the amount of the claim. *See, e.g., In re Charter Company*, 876 F.2d 861 (11th Cir.1989); and *In re Sambo's Restaurants, Inc.*, 754 F.2d 811 (9th Cir.1985). Still other courts have adopted a more lenient standard for informal proofs of claim, concluding that such a document as a mere letter to the bankruptcy case trustee informing him or her of the claim is sufficient to constitute an informal proof of claim. *See, e.g., In re Haugen Construction Services, Inc.*, 876 F.2d 681 (8th Cir.1989); and *In re Oxridge Investment Group*, 43 B.R. 418 (Bankr.D. N.H.1984).

These cases, however, are not binding upon us. We believe that the standard articulated by the Third Circuit in *Thompson, supra,* is the approach which we must follow, and that only a pleading meeting the criteria set forth two paragraphs above must be recognized as an informal proof of claim.

■ Century filed the involuntary petition against the Debtor. Clearly, the involuntary petition, the document which brought the case here in the first place, was the archetype of a pleading filed with the bankruptcy court which showed Century's intent to hold the estate liable and that it was making a demand against the estate sufficient to qualify it as an informal proof of claim.

■ We now must address the main issue before the court—whether an informal

proof of claim filed before the Bar Date is "timely" for the purposes of 11 U.S.C. § 726(a)(2), as opposed to "tardily filed" pursuant to 11 U.S.C. § 726(a)(3). Section 726(a) sets forth the priority for distributions from a Chapter 7 bankruptcy estate and provides, in pertinent part, as follows:

**Distribution of property of the estate**

(a) Except as provided in section 510 of this title [11 USCS § 510], property of the estate shall be distributed—

.    .    .    .    .

(2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—

(A) timely filed under section 501(a) of this title;

(B) timely filed under section 501(b) or 501(c) of this title; or

(C) tardily filed under section 501(a) of this title, if—

(i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and

(ii) proof of such claim is filed in time to permit payment of such claim;

(3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title other than a claim of the kind specified in paragraph (2)(C) of this subsection....

If Century's informal proof of claim is considered "tardily filed," it will receive distribution at the third-priority level pursuant to § 726(a)(3) and, consequently, it will receive no distributions from the Debtor's estate. If, however, Century's informal proof of claim is considered "timely," it will receive *pro rata* distribution with the other creditors at the second priority level pursuant to § 726(a)(2).

We conclude, with a caveat, that Century's informal proof of claim is "timely" for the purposes of § 726(a) and that its formal proof of claim filed on May 8, 1990, is an amendment of its informal proof of claim which does not affect its timeliness.

In *Stern, supra,* the court concluded that an unfiled letter sent to debtor's counsel was not sufficient to constitute a valid informal proof of claim. *Id.* 70 B.R. at 476. However, the court further concluded that

if the movant here had filed a timely informal proof, he might be entitled to amend his earlier claim by a post-bar date filing which prpvides all the information required in Form No. 19.[1]

*Id.* We infer from this passage that, if a "timely informal proof" *had* been filed with the court prior to the bar date established therein, the court would have considered it timely filed. It follows, then, that the writing in the instant case, which *fulfills* the requirements of an informal proofs of claim and was filed prior to the Bar Date, *is* timely.

Several other courts have held that the filing of informal proofs of claim prior to bar dates effect the timely filing of proofs of claim. In *In re Burrell,*[2] 85 B.R. 799, 801 (Bankr.N.D.Ill.1988), the court adopts the movant's contention that

an "informal" proof of claim filed before the bar date is equally effective as a "formal" (footnote omitted) proof of claim in satisfying the time requirements of Bankruptcy Rule 3002(c) (citations omitted).

In *In re Duncan,* 55 B.R. 433, 434 (Bankr.M.D.Ala.1985), the court concluded that a cross-complaint filed by a creditor prior to the bar date "constitutes a timely assertion and filing of a proof of claim

---

1. Bankruptcy Rule 3002 requires all proofs of claim to substantially comply with Official Form No. 19.

2. We do not agree with *Burrell, supra,* that the "tax deficiency notice" sent by the Internal Revenue Service to the debtor in that case should have been found sufficient to constitute an informal proof of claim. We would require that the writing evidencing the creditor's demand on the estate and intent to hold the estate liable must be a pleading filed with the bankruptcy court. See pages 5-6 *supra.* This difference, however, does not impact on *Burrell's* discussion as to whether an informal proof of claim filed prior to the bar date is timely.

sufficient to comply with Bankruptcy Rule 3002(c)."

In *In re Smith*, 100 B.R. 289, 291 (Bankr. D.S.C.1988), *aff'd*, 100 B.R. 293 (D.S.C. 1989), a creditor failed to file a timely formal proof of claim and the court stated that "unless [the creditor] has entered a timely informal proof of claim, distribution of the estate would be effectuated according to § 726(a)(3)" as opposed to § 726(a)(2). On appeal, the District Court affirmed the Bankruptcy Court's order that the creditor's informal proof of claim was a timely proof of claim and stated that

> [p]rior to the enactment of the Bankruptcy Code, an informal proof of claim prior to the bar date could qualify as a timely proof of claim subject to formal amendment after the bar date. (citations omitted). Courts which have addressed the issue have held that the Bankruptcy Code does not change this rule (citations omitted).

100 B.R. at 295. The court concluded that the creditor's tardily filed formal proof of claim "shall be treated as an amendment to its timely informal proof of claim." *Id.* at 297.

Similarly, in *In re Toys Plus, Inc.*, 98 B.R. 475, 476 (Bankr.E.D.Mo.1989), the court stated that

> it is within the power of the Bankruptcy Court to allow an amendment to an informal document so that these documents may be deemed to have been filed in a timely fashion as a proof of claim. *See Matter of Donovan Wire and Iron Company*, 822 F.2d 38 (8th Cir.1987).

The factual situation before us is very similar to that before the *Smith* court. Century filed a timely informal proof of claim followed by a formal proof of claim after the Bar Date. We conclude that the tardy formal proof of claim is merely an amendment of Century's informal proof of claim which is a timely proof of claim for the purposes of § 726(a)(2) and (3).

Finally, we note that distribution has not yet occurred, but that the Trustee will be obliged to draft a new Order of Distribution, and administration of the estate will be further delayed. If distribution had occurred, recovery of funds distributed to other creditors would have been necessary.

We believe that we have the discretion to tax a claimant whose negligence has required extra work in the distribution process with the costs of same. If distribution had been properly effected, we would have directed Century to perform itself, or compensate the Trustee to perform, the labors necessary to do so. In the instant setting, we will tax Century's distribution by $150, which we deem to be the reasonable cost to the estate in requiring the Trustee's counsel to redo the Final Order of Distribution.

With this caveat, Century's claim is, therefore, entitled to a second level priority under § 726(a)(2) and distributions from the Debtor's estate commensurate therewith.

An appropriate Order will be entered.

## ORDER

AND NOW, this 11th day of May, 1990, upon consideration of the Motion of Century Seafoods, Inc. ("Century") to Allow Late Filing of Proof of Claim, the Trustee's Answer thereto, and the May 8, 1990, hearing, it is hereby ORDERED and DECREED as follows:

1. The Motion is GRANTED, subject to the condition set forth in paragraph 3 hereof.

2. The Trustee shall consider the late proof of claim filed by Century on May 8, 1990, as an amendment to its timely filed informal proof of claim, and consequently entitled to distribution pursuant to 11 U.S.C. § 726(a)(2), subject to the condition set forth in paragraph 3 hereof.

3. As a condition for the Trustee's being required to redo the Order for Distribution solely due to Century's own negligence, the Trustee shall deduct $150 from the distribution otherwise due to Century, which shall be paid to the Trustee's counsel.

4. The former Trustee's counsel shall submit an Amended Order for Distribution on or before July 1, 1990, and shall there-

after file the cancelled checks and zero bank statement; or an affidavit, pertaining to disbursements made pursuant to the Order of Final Distribution, setting forth that there is a zero balance in the account and that the cancelled checks are no longer available before September 1, 1990.