**In re Thomas L. FISCHER and Carolyn A. Fischer, Debtors.**

**No. 90–0453C(3).**

United States District Court,
E.D. Missouri, E.D.

Oct. 1, 1990.

Frederick J. Dana, Asst. U.S. Atty., James S. Cole, Asst. U.S. Trustee, St. Louis, Mo., J. Joseph Raymond, Trial Atty., Office of Special Litigation, Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

Curtis L. Mann, St. Louis, Mo., for debtors.

Alan E. Freed, Brackman, Hille and Freed, P.C., St. Louis, Mo., for debtors/appellees.

## ORDER

DAVID P. McDONALD, Chief Judge.

This matter is before the Court on the United States' appeal from the December 29, 1989, final court order of the United States Bankruptcy Court for the Eastern District of Missouri which disallowed a late amendment of a timely claim filed by the Internal Revenue Service on behalf of the United States. 109 B.R. 384.

On appeal, the United States argues the bankruptcy court erred because the original and amended claims are of the same type (withholding taxes) even though the claims pertain to different amounts and different periods of time. Thus, the United States contends, pursuant to Fed.R.Civ.P. 15(c), the late amendment relates back to the timely filed claim and should be allowed by the bankruptcy court.

The parties do not concur on the appropriate standard of review by this Court. The United States urges this Court to review the bankruptcy court's decision *de novo*, while the debtors argue the review by this Court should ascertain only whether the bankruptcy court abused its discretion.

The Internal Revenue Service is somewhat persuasive as to the law. *See In re*

*Diversified Brokers Co.*, 355 F.Supp. 76, 77–78 (E.D.Mo.), *aff'd*, 487 F.2d 355 (8th Cir.1973); *Menick v. Hoffman*, 205 F.2d 365 (9th Cir.1953).

The debtors are somewhat persuasive on the facts. The bankruptcy case was filed in January 1987. The deadline for filing claims was in May 1987. The Internal Revenue Service told its investigating civil agent in October 1986 not to investigate possible assessments further in light of an ongoing criminal investigation. The criminal investigation led to the filing of a criminal information as to other taxes in April 1987, one month before the deadline for filing claims in the bankruptcy case. In April 1987, the Internal Revenue Service filed in the bankruptcy case a claim for $72,000 +. When the criminal investigation ended in June 1987, the month after the deadline for filing claims in the bankruptcy case, the files were given back to the Internal Revenue Service investigating agent. The Internal Revenue Service agent stated that due to his caseload, he could not "get to the files" until March 1988. He completed his investigation in June 1988, but the Internal Revenue Service did not file the amended claim until October 1988.

The Internal Revenue Service timely filed the $72,000 + claim but did not timely file the approximately $400,000 amended claim. This is the difference between a chestnut horse and a horse chestnut. We are all familiar with the old legal saw:

> "When the facts are against you, hammer the law. When the law is against you, hammer the facts. When both are against you, hammer the table and yell like hell."

After carefully considering the record, the parties' positions, relevant authority, (and the location of the table), this Court finds the bankruptcy court's well-reasoned opinion must be affirmed, whether under *de novo* or abuse of discretion review. To the extent necessary, this Court adopts the bankruptcy court's order as its own. Finding no value in further addressing the issues,

IT IS HEREBY ORDERED that the December 29, 1989, order of the bankruptcy court disallowing the Internal Revenue Service's late amendment of a timely filed claim is affirmed in all respects.