In the Matter of INTERCO
INCORPORATED, et
al., Debtors.

In re INTERCO INCORPORATED,
Sky City Stores, Inc.

Bankruptcy Nos. 91–40441–
172, 91–40470–172.

United States Bankruptcy Court,
E.D. Missouri, E.D.

Jan. 27, 1993.

See also 143 B.R. 707.

Bryan, Cave, McPheeters & McRoberts, Gregory D. Willard, Lloyd A. Palans, John C. Boyle, Carl J. Spector, St. Louis, MO, for debtors-in-possession.

Jean Winborne Boyles, Raleigh, NC, for Claimants CASA MADRE Partnership, Ltd.

Randall F. Scherck, Lashly & Baer, P.C., St. Louis, MO, for claimant.

## MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

At Saint Louis, in this District, this 27th day of January, 1993.

This Memorandum addresses the Objection to Proofs of Claim filed by Interco Incorporated and Sky City Stores, Inc., objecting to claims asserted by Mullins Shopping Center Partnership Ltd., CASA Madre Partnership Ltd., Center Associates, Saluda Square and Edisto Village Partners–83 (Claim Objection # 99). This Memorandum also addresses the Motion to Allow Amended Claim filed by Claimant Saluda Square (Motion Z–146).

This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 105 and 502, Rule 3007 of the Federal Rules of Bankruptcy Procedure and Local District Court Rule 29. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

### I. *Background*

Certain facts and circumstances are pertinent to all of the claims and claimants, and certain facts are different with respect to each claimant. The following facts apply to each of the claims and claimants.

On January 24, 1991, Interco Incorporated ("Interco") and thirty affiliated entities, including Sky City Stores, Inc. ("Sky City") filed petitions for relief under Chapter 11 of the United States Bankruptcy Code. On January 25, 1991, this Court entered an "Order Authorizing Joint Administration" in which this Court ordered that the Chapter 11 cases of the thirty-one entities "shall

be jointly administered and are hereby consolidated for procedural purposes only." The Court further ordered that "[n]othing herein contained shall constitute or be deemed to constitute the substantive consolidation of Debtors' estates." *Order Authorizing Joint Administration,* January 25, 1991, p. 2. Throughout these proceedings, all the Debtor entities have been represented by the same law firm. See *Stipulation of Facts,* filed July 20, 1992, p. 1.

Debtors have continued in possession of their property and operated and managed their businesses as debtors-in-possession, pursuant to 11 U.S.C. §§ 1107 and 1108. On June 26, 1992, this Court confirmed the Debtors' Amended Joint Plan of Reorganization (the "Plan").

On April 18, 1991, this Court entered Standing Order # 3, which, among other things, set the last day on which claims could be filed, and established claims processing and objection procedures. Pursuant to Standing Order # 3, July 1, 1991 was "fixed as the last day (the "Bar Date") by which all creditors of the Debtors" must file proofs of claim. *Standing Order # 3,* April 18, 1991, p. 2. Standing Order # 3 also provided that "[a]ny creditor whose claim arises out of the rejection by the Debtor of an executory contract or unexpired lease must file its claim by the later of (i) July 1, 1991; or (ii) within 30 days after the entry of an order approving the rejection." *Id.* at 5.

On and prior to January 24, 1991, (the "Petition Date"), Sky City leased certain real property from each of the Claimants. *Stipulation of Facts,* filed July 20, 1992, p. 2. On March 1, 1991, Debtors Sky City, Interco and Converse, Inc. filed a Motion to Reject Nonresidential Real Property Leases. The Debtors requested this Court to approve the rejection of numerous leases, including all the various leases relevant to this claim objection. *See Motion to Reject Nonresidential Real Property Leases, Revised Exhibit A,* filed March 19, 1991, p. 2.[1]

---

1. Exhibit A, which was attached to the Motion to Reject, listed T. *Cooper James and Associates* as the landlord for the Chester Lease. Saluda

On March 28, 1991, this Court entered an Order Authorizing Rejection of Nonresidential Real Property Leases.

Debtors sent a copy of the Order Authorizing Rejection to each of the Claimants, along with preprinted proof of claim forms only for the Sky City estate. The parties' counsel and counsel for Debtors have stated that Debtors did not include preprinted proof of claim forms for the Interco estate with the copies of the Order authorizing rejection.

On June 2, 1992, Debtors filed Claim Objection # 99, objecting to certain claims filed by the Claimants. Debtors asserted that the claims arose from the March 28, 1991 rejection of certain real property leases by Sky City Stores, Inc, and, because the claims were filed late, they should be not allowed. *Objection to Proofs of Claim # 99*, filed June 2, 1992, p. 2.

The Claimants filed the following responses to Claim Objection # 99: (1) Saluda Square filed a "Response to Debtor's Objection to Claim and Motion to Allow Amended Claim" (Motion Z–146) on June 24, 1992 and "Saluda Square's Memorandum in Opposition to Debtor's Objection to Claim and in Support of Saluda Square's Motion to Allow Amended Claim" on July 27, 1992; (2) Center Associates and Edisto Village Partners–83 filed a "Response" on June 26, 1992 and a "Brief" on July 27, 1992; and (3) CASA Madre Partnership Ltd. and Mullins Shopping Center Partnership Ltd. filed a "Response" on June 26, 1992 and a "Brief" on July 27, 1992.

Debtors filed a Memorandum of Law on July 27, 1992. The parties entered into a Stipulation of Facts, which included fifteen exhibits. On July 30, 1992, this Court heard oral argument from counsel for Debtors, counsel for Saluda Square, counsel for Center Associates and Edisto Village Partners–83, and counsel for CASA Madre Partnership, Ltd. and Mullins Shopping Center Partnership, Ltd.[2]

The claims of each Claimant in this matter fall into one of three fact patterns. One group of Claimants filed timely proofs of claim against Sky City and subsequently filed late proofs of claim purporting to amend the original timely proofs of claim against Sky City. A second group of Claimants filed timely proofs of claim against the Sky City estate, and included in the exhibits and attachments to the Sky City claims copies of guarantees of leases executed between the various claimants and Interco. This second group of Claimants then filed late claims against Interco. A third group of Claimants filed timely claims against the Sky City estate, but did not include copies of the guarantees of leases among the attachments and exhibits. The third group of Claimants also filed late proofs of claim against Interco. The Court will address these three groups of Claimants separately.

## II. *Group One, Late Claims Against Sky City*

### A. Center Associates—Raeford, South Carolina

On June 24, 1991, Center Associates filed Proof of Claim No. 3740 against the Sky City estate in the amount of $7,447.91. *Stipulation of Facts*, Exhibit E. Claimant asserted that this claim was for "rent for 2/91" pursuant to "[11 U.S.C.] § 507(a)(1) and § 503(b)(1)(A)."

On September 19, 1991, after the last day to file claims, Center Associates filed Proof of Claim No. 5719 against the Sky City estate. *Stipulation of Facts*, Exhibit H. Claimant asserted that this second proof of claim was filed as an amendment to the previously filed proof of claim. According to Exhibit A to Proof of Claim No. 5719, Center Associates filed the second proof of claim for "STATUTORY REJECTION DAMAGES pursuant to 11 U.S.C. § 502(b)(6)" in the amount of $164,339.48.

---

Square, the Claimant here, is apparently the successor to T. Cooper James and Associates.

**2.** One attorney, Jean Winborne Boyles, represents four Claimants: CASA Madre, Mullins,

Center Associates and Edisto Village. Saluda Square is represented by a separate attorney: Randall F. Scherck.

## B. Center Associates—Clinton, South Carolina

On June 24, 1991, Center Associates filed Proof of Claim No. 3744 against Sky City in the amount of $10,925.39. *Stipulation of Facts*, Exhibit F. Claimant asserted Proof of Claim No. 3744 was for "rent for 2/91" pursuant to "[11 U.S.C.] § 507(a)(1) and § 503(b)(1)(A)." Claimant submitted several attachments, including a copy of the lease.

On September 19, 1991, Center Associates filed Proof of Claim No. 5720 against Sky City and designated Claim No. 5720 as an amendment to a previously filed claim. *Stipulation of Facts*, Exhibit I. Claimant asserted the amount owed by Sky City was $1374.42 plus the amount calculated on Exhibit A to Claim No. 5720: $223,549.05 for "STATUTORY REJECTION DAMAGES pursuant to 11 U.S.C. § 502(b)(6)."

## C. Edisto Village Partners–83

On June 24, 1991, Edisto Village Partners–83 ("Edisto Village") filed Proof of Claim No. 3756 against Sky City, together with several attachments including the lease and other amendments and addenda. *Stipulation of Facts*, Exhibit D. Claimant asserted that this claim was for "taxes/maintenance prior to 2/91" pursuant to "[11 U.S.C.] § 507(a)(1) and § 503(b)(1)(A)" in the total amount of $15,152.60. *Stipulation of Facts*, Exhibit D.

On September 19, 1991, Edisto Village filed Proof of Claim No. 5718 against Sky City. *Stipulation of Facts*, Exhibit G. Claimant designated this proof of claim as an amendment to the first timely filed Proof of Claim and asserted the amount owed by Sky City was $14,746.08 plus "attached Exhibit 'A'." In Exhibit A to Proof of Claim No. 5718 Claimant request "STATUTORY REJECTION DAMAGES pursuant to 11 U.S.C. § 502(b)(6)" in the amount of $93,404.52.

## III. *Allowance of Amendments of Claims*

The Eighth Circuit has stated that:

"[t]he limitation of time within which proofs of claim should be made must necessarily be observed. Such disposition of bankruptcy cases that creditors may expeditiously realize what they may is important and necessary ..."

*Matter of Donovan Wire & Iron Co.*, 822 F.2d 38, 39 (8th Cir.1987) (quoting *In re Faulkner*, 161 F. 900, 903 (8th Cir.1908)). However, this Circuit has also recognized that in certain circumstances it is appropriate to allow late filed claims as amendments to timely filed claims. *See Id.* and *In re Haugen Const. Services, Inc.*, 876 F.2d 681 (8th Cir.1989).

As a general rule, "amendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim."

*In re Fischer*, 109 B.R. 384, 387 (Bankr. E.D.Mo.1989) (quoting *Int'l Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir.1985)), *aff'd*, 131 B.R. 137 (E.D.Mo.1990). "However, many courts have cautioned that post bar date amendments must be scrutinized 'to assure that there [is] no attempt to file a new claim under the guise of an amendment.'" *Id.*

The timely proofs of claim filed by Center Associates and Edisto Village requested allowance under 11 U.S.C. §§ 507(a)(1) and 503(b)(1)(A) for "rent for 2/91" or "taxes/maintenance prior to 2/91."[3] In this matter, the Debtors have not objected to these timely filed proofs of claim. A claim filed under Section 501 is deemed allowed

---

**3.** Section 507 provides:

(a) The following expenses and claims have priority in the following order:

(1) First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28.

Section 503 provides:

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

(1)(A) the actual, necessary costs and expenses preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case ...

under Section 502 unless a party in interest objects.

The second set of proofs of claim filed against Sky City by these Claimants after the last day to file claims, purports to assert claims for rejection of lease damages pursuant to 11 U.S.C. § 502(b)(6). These late proofs of claim are distinctly different from those timely filed claims for rent, maintenance and taxes. The late proofs of claim assert damages under different sections of the Bankruptcy Code and allege much greater damage amounts. Accordingly, this Court must find that the late filed claims cannot be construed as amendments to the timely filed proofs of claim against Sky City.

IV. *Group Two, Late Claims—Copies of Guarantees as Informal Proofs of Claim*

A. Saluda Square

On June 26, 1991, Saluda Square filed Proof of Claim No. 3946 against Sky City. *Stipulation of Facts*, Exhibit A. This claim was in the amount of $165,575.48 and the basis for the claim was described as "Rejection of Lease." Claimant attached an exhibit to the proof of claim which included a "computation of damages," a copy of the guarantee of the lease and a copy of the lease. *Id.* The parties agree Claim No. 3946 was timely filed. *Stipulation of Facts*, p. 3.[4]

On April 13, 1992, Saluda Square filed Proof of Claim No. 6005, in the amount of $70,366.68 against Interco. *See Stipulation of Facts, Exhibit C.* Saluda Square alleged the basis for the second proof of claim was Interco's guarantee of the rejected (Chester) lease. Saluda Square indicated this second proof of claim amended and supplemented a claim dated June 25, 1991 (the first proof of claim filed against Sky City). The first proof of claim was attached as an exhibit to the second proof of claim, together with the attachments sub-

mitted with the first proof of claim: the computation of damages, the guarantee of lease, and the lease.

B. CASA Madre Partnership LTD

On June 3, 1991, CASA Madre Partnership LTD ("CASA Madre") filed Proof of Claim No. 2500 against Sky City in the amount of $679,863.52. *Stipulation of Facts*, Exhibit M. CASA Madre attached to the Proof of Claim form a summary of lease rejection damages, a copy of the lease and a copy of the guarantee of lease.[5]

On November 4, 1991, CASA Madre filed Proof of Claim No. 5796 against Interco in the amount of $679,863.52. *Stipulation of Facts*, Exhibit N. CASA Madre submitted several attachments to Claim No. 5796 including: (1) a summary of the lease rejection damages, (2) an "explanation" (3) copies of letters between counsel for CASA Madre and Interco's legal department and (4) a copy of Proof of Claim No. 2500, together with the attachments originally submitted with that first proof of claim against Sky City.

C. Center Associates—Raeford, South Carolina

As noted above, on June 24, 1991, Center Associates filed Proof of Claim No. 3740 against the Sky City estate in the amount of $7,447.91. *Stipulation of Facts*, Exhibit E. Claimant asserted that this claim was for "rent for 2/91" pursuant to "[11 U.S.C.] § 507(a)(1) and § 503(b)(1)(A)." Center Associates submitted several attachments to Claim No. 3740 including copies of the lease and the guarantee of lease.

On April 2, 1992, Center Associates filed Proof of Claim No. 5996 against the Interco estate in the amount of $1,095,596.52. *Stipulation of Facts*, Exhibit J. Claimant submitted several attachments to Proof of Claim No. 5996 including: (1) a summary of damages (2) a copy of the guarantee of lease and (3) a copy of the lease. Claimant

---

4. Debtor objected to Claim No. 3946, and the parties subsequently stipulated to allowance of the claim in the general, unsecured amount of $70,366.68, which reflected application of the limitations of 11 U.S.C. § 502(b)(6). *See Stipulation of Facts, Exhibit B.*

5. According to Debtors, Claim No. 2500 is subject to a pending settlement in the amount of $99,401.73.

did not include a copy of Proof of Claim No. 3740 (the first proof of claim), nor did Claimant indicate on the proof of claim form that Proof of Claim No. 5996 was intended to be an amendment to Proof of Claim No. 3740. Center Associates did indicate that its claim against Interco was "[s]ubject to credit for any payment on Sky City claim of [$]164,339.47."

## V. *Amendment of Claims/Informal Proofs of Claim*

 The Eighth Circuit has espoused a liberal policy in permitting amendments to proofs of claim in bankruptcy proceedings. *See In re Haugen Construction Services, Inc.*, 876 F.2d 681, 682 (8th Cir.1989) and *Matter of Donovan Wire & Iron Co.*, 822 F.2d 38, 39 (8th Cir.1987). The Court of Appeals for the Eighth Circuit has stated:

> "Great liberality in permitting amendments of claims in bankruptcy proceedings is proper, but the statute requiring that a proof of claim in writing be filed is clear, positive and unambiguous and it must not be nullified in the name of equity."

*Matter of Donovan*, 822 F.2d at 39 (quoting *Tarbell v. Crex Carpet Co.*, 90 F.2d 683, 685–86 (8th Cir.1937)). Thus, before this Court can allow an amendment, the record must show that "within the statutory period" the Claimant either formally or informally "disclosed facts showing an assertion of a claim against the estate and an intention by the claimant to share in its assets ..." *Id.*[6]

Saluda Square, CASA Madre and Center Associates assert that the copies of the guarantees they attached to the proofs of claim against Sky City should serve as informal proofs of claim against Interco. By applying the determinations described below to the standard established by the Eighth Circuit, this Court finds that the copies of the "Guarantee of Lease" filed by Saluda Square, CASA Madre and Center Associates constitute timely filed informal proofs of claim which are capable of amendment.

First the Court has determined that the guarantees submitted by these claimants disclose the existence of claims against Interco, because the guarantees clearly show that Interco is the guarantor of the leases between Sky City and each of these Claimants. Next, this Court must determine whether the copy of the Guarantee of Lease which was attached as an exhibit to a proof of claim filed against *Sky City* evidences an intention by each of these Claimants to share in *Interco's* assets. In making this determination, this Court has followed the principle enunciated by the Eighth Circuit:

> Bankruptcy proceedings are equitable in their nature, and should be as far as possible conducted on broad lines to accomplish the ultimate purpose of distributing the assets of a bankrupt pro rata among his creditors.

*Matter of Donovan Wire*, 822 F.2d at 39.

Here, Debtors admit they mailed to each of these Claimants preprinted proof of claim forms *only* for the Sky City case and did not include proof of claim forms for the Interco case. Sky City and Interco are represented by legal counsel from one law firm, and these cases have been jointly administered. This Court finds and concludes that under these circumstances, the copies of the guarantees submitted by these Claimants adequately evidence "an intention by the claimant[s] to share in [Interco's] assets ..." *Id.* As noted above, the Bankruptcy Court has the equitable power to "allow an amendment to an informal document so that these documents may be deemed to have been filed in a timely fashion as a proof of claim." *In re Toys Plus, Inc.*, 98 B.R. 475, 476 (Bankr. E.D.Mo.1989) (citing *Matter of Donovan*, 822 F.2d 38). Having found that Saluda Square, CASA Madre and Center Associates filed timely informal claims, this Court

---

6. Some courts have followed a three-prong test to determine whether a document constitutes an informal proof of claim. Under this three-prong test, the "document must state an explicit demand showing (1) the nature of the claim, (2) the amount of the claim against the estate and (3) must evidence an intent to hold debtor liable." *In re Nucorp Energy, Inc.*, 52 B.R. 843, 845 (Bankr.S.D.Calif.1985).

finds it is appropriate to allow the untimely formal proofs of claim as amendments to the informal proofs of claim.

## VI. Group Three, Copies of Guarantees Not Filed

### A. Center Associates—Clinton, South Carolina

As noted above, on June 24, 1991, Center Associates filed Proof of Claim No. 3744 against Sky City in the amount of $10,-925.39. *Stipulation of Facts*, Exhibit F. Claimant asserted Claim No. 3744 was for "rent for 2/91" pursuant to "[11 U.S.C.] § 507(a)(1) and § 503(b)(1)(A)." Claimant submitted several attachments, including a copy of the lease. However, Claimant did not include a copy of a guarantee of lease.

On April 2, 1992, Center Associates filed Proof of Claim No. 5997 against Interco in the amount of $1,490,327.28. *Stipulation of Facts*, Exhibit K. Claimant asserted the basis for this claim was "contract—guaranty of lease."

### B. Mullins Shopping Center Partnership LTD

On June 3, 1991, Mullins Shopping Center Partnership LTD ("Mullins") filed Proof of Claim No. 2503 against Sky City in the amount of $607,266.73. *Stipulation of Facts*, Exhibit L. Claimant submitted attachments including a summary of damages and a copy of the lease. However, Claimant did not include a copy of a guarantee of lease.

On November 4, 1991, Mullins filed Proof of Claim No. 5795 against Interco in the amount of $607,266.73. *Stipulation of Facts*, Exhibit N. Claimant asserted the basis for this claim was "contract—guaranty of lease."

## VII. Informal Proofs of Claim

■ As noted above, before an amendment to a proof of claim is to be allowed, the record must show that "within the statutory period" the Claimant either formally or informally "disclosed facts showing an assertion of a claim against the estate and an intention by the claimant to share in its assets ..." *Matter of Donovan*, 822 F.2d

at 39 (quoting *Tarbell v. Crex Carpet Co.*, 90 F.2d 683, 685–686 (8th Cir.1937)).

These Claimants did not attach copies of the guarantees, nor did they attach to the timely claims anything which indicates these Claimants have claims against Interco or intend to assert claims against Interco. *See Matter of Donovan*, 822 F.2d at 39. Accordingly, this Court cannot construe Claim No. 3744 filed by Center Associates and Claim No. 2503 filed by Mullins as informal proofs of claim in the Interco estate. Further this Court cannot construe the late filed claims as amendments, because there is nothing to amend in the Interco case.

## VIII. Application of Section 502(b)(6)

■ Section 502(b)(6) of the Bankruptcy Code states:

(b) Except as provided in subsection (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim ... as of the date of the filing of the petition, and shall allow such claim in such amount except to the extent that—

. . . .

(6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds—

(A) the rent reserved by such lease without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of—

(i) the date of the filing of the petition; and

(ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus,

(B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates;

. . . . .

Debtor Interco argues that the limitation of Section 502(b)(6) clearly applies to guarantors of leases. Claimants CASA Madre and Center Associates argue that the plain

language of Section 502(b)(6) caps a lessor's damages against a tenant only, and not against a guarantor. Claimant Saluda Square concedes that Section 502(b)(6) applies to its guarantee.

This Court determined in *In re Interco*, 137 B.R. 1003, that

> Section 502(b)(6) applies a cap to damages resulting from the termination of lease of real property; and that read literally, it applies to cap the damages of a lessor when the guarantor of the lease is a debtor under Title 11. Neither the legislative history nor the applicable case law demonstrates that this literal application would thwart Congress' purpose.

*Id.* at 1007.

This Court has reviewed the evidence and the applicable law and finds that the amount of damages that may be recovered by these Claimants as lessors, against these Debtors as guarantors under the rejected executory contracts referred to in these pleadings is limited by the terms of 11 U.S.C. § 502(b)(6).

### ORDER

At Saint Louis, in this District, this 27th day of January, 1993.

On consideration of the record as a whole and consistent with the Memorandum entered in this matter,

IT IS ORDERED that this hearing is concluded; and that Debtors' Objection to Proof of Claim No. 5719 filed by Center Associates, Proof of Claim No. 5720 filed by Center Associates and Proof of Claim No. 5718 filed by Edisto Village Partners–83 is SUSTAINED and those claims are NOT ALLOWED, as having been filed out of time; and

That Debtors' Objection to Proof of Claim No. 6005 filed by Saluda Square, Proof of Claim No. 5796 filed by CASA Madre Partnership, Ltd., and Proof of Claim No. 5996 filed by Center Associates is OVERRULED, and those claims are allowed as amendments to timely-filed informal proofs of claim; and that the Motion to Allow Amended Claim filed by Saluda Square (Motion Z–146) is DENIED as moot; and

That Debtors' Objection to Proof of Claim No. 5997 filed by Center Associates and Proof of Claim No. 5795 filed by Mullins Shopping Center Partnership, Ltd. is SUSTAINED and those claims are NOT ALLOWED, as having been filed out of time; and that claimants' request to allow these claims as amendments to timely-filed proofs of claim is DENIED; and

That with respect to Proofs of Claim No. 6005, No. 5796 and No. 5996, the amount of damages that may be recovered by the claimants as lessors, against the Debtor, Interco, Inc., as guarantor under the rejected executory contracts referred to in these pleadings is limited by the terms of 11 U.S.C. § 502(b)(6).