**In re Clyde Wayne DUNCAN, Helen Patricia Duncan, Debtors.**

**Bankruptcy No. 82–00234.**

United States Bankruptcy Court, M.D. Alabama, E.D.

Sept. 5, 1985.

Calvin C. Pryor, Asst. U.S. Atty., Montgomery, Ala., for Dept. of Agriculture, Farmers Home Admin.

L. Joel Collins, Smith & Collins, Phenix City, Ala., for SouthTrust Bank of Russell County.

Ed Hill, Opelika, Ala., Trustee.

C. Kerry Curtis, Curtis & Curtis, Phenix City, Ala., for First Alabama Bank of Phenix City.

### MEMORANDUM OF DECISION

A. POPE GORDON, Bankruptcy Judge.

This case is before this court on the motion of the trustee for approval of the final report and final accounting submitted pursuant to Bankruptcy Code § 704(9).

Farmers Home Administration (FmHA) and SouthTrust Bank of Russell County (SouthTrust) object to the final accounting. They allege that they are creditors of the debtor and have been improperly excluded from participation in distribution of the estate. The trustee and First Alabama Bank of Phenix City (First Alabama) assert that the claims of FmHA and SouthTrust were not timely filed.

FmHA has filed a motion asking that its claim be allowed even though admittedly not timely filed. SouthTrust has not filed any motion as to its claim. However, it appears to the court that FmHA and South-Trust present factually similar cases. Therefore, we shall proceed to decide this issue as to FmHA with leave to SouthTrust to proceed herein as it may deem appropriate.

The facts in this case are not in dispute. The issue to be determined is whether a cross-complaint filed by FmHA before the deadline set for filing proof of claims constitutes a timely assertion and filing of a proof of claim sufficient to comply with Bankruptcy Rule 3002(c) of the Federal Rules of Bankruptcy Procedure.

### Findings of Fact

The debtors filed their joint Chapter 7 petition on February 9, 1982. The notice to creditors, dated March 3, 1982, stated that no assets were available to unsecured creditors and that it was not necessary to file proof of claims. The debtors' discharge was granted June 17, 1982. Assets were later discovered and now total $62,257.

By order dated December 28, 1982, creditors were notified that a dividend was to be paid and all claims were to be filed by February 26, 1983. FmHA filed a formal proof of claim on August 15, 1985.

On October 15, 1982, FmHA filed a cross-complaint for relief from stay seeking to foreclose on property of the debtor in which FmHA held a security interest. The relief was granted and FmHA foreclosed and sold the collateral. A deficiency of $242,848.05 remains.

### Conclusions of Law

In court, FmHA requested that it be allowed to file its claim now, some two years, six months past the bar date. As grounds FmHA represented that it would lose a significant sum of money if it was denied the opportunity to participate in the distribution.

FmHA also argued that the cross-complaint filed October 15, 1982 constituted an informal proof of claim. FmHA sought to amend its motion for allowance of late claim to a motion to amend its prior, informal claim.

FmHA's argument that it be allowed to file a late claim on equitable grounds is not well taken. The deadline for filing proof of claims has been generally construed as an absolute bar date. *In the Matter of The Valley Fair Corporation*, 4 B.R. 564 (Bkrtcy.N.Y.1980). Under this theory, the claim of FmHA could be allowed only as a tardily filed claim. As such it could be paid only after all timely filed claims have been satisfied in full. 11 U.S.C. § 726(a)(3). The result in this case would be that FmHA would receive nothing.

FmHA also argues that the October 15, 1982 cross-complaint was an informal proof of claim and that amendment of that claim should be allowed. This argument has merit.

The Bankruptcy Code does not prescribe any certain form for a proof of claim. Bankruptcy Rule 3001(a), however, requires a proof of claim to conform substantially to Official Form No. 19. A comparison of that form with the cross-complaint filed by FmHA reveals that the latter contains all the information required by the former. The cross-complaint listed all debts owed in careful detail complete with some 28 supporting documents. The court order of December 17, 1982 decided the validity and amount of the claim. Also, leave to amend shall be freely given when justice so requires. Bankruptcy Rule 7015.

The court concludes that the cross-complaint filed by FmHA on October 15, 1982 constitutes a timely assertion and filing of

a proof of claim sufficient to comply with Bankruptcy Rule 3002(c). Leave is granted to amend that claim to reflect the amount of FmHA's current unsecured claim.