**In re D.G. KOBS, Jr., M.D., Debtor.**

**Bankruptcy No. 8807712 HEG.**

United States Bankruptcy Court,
S.D. Mississippi.

April 12, 1991.

Robin L. Roberts, Hattiesburg, Miss., for Bank of Mississippi.

Hollis C. Thompson, Jr., Gulfport, Miss., for Trustee.

Susan K. Steadman, for Deposit Guar. Nat. Bank.

R. Curtis Smith II, Hattiesburg, Miss., Kathryn Jude, Louisville, Ky., for Trustmark Nat. Bank.

## OPINION

EDWARD R. GAINES, Bankruptcy Judge.

Three related matters are before the court for consideration: (1) a motion by the Chapter 7 trustee to set aside the court's previous order dated October 18, 1988 allowing Deposit Guaranty National Bank to file a claim, (2) a motion by Trustmark National Bank for reconsideration of the court's order dated September 1, 1988 allowing claims filed by the Bank of Mississippi, and (3) a motion by the Bank of Mississippi to file claims after the deadline. Having considered the pleadings, the submitted memoranda, and arguments presented by counsel, the court has determined that the motions by the trustee and by Trustmark should be granted, and that the motion by the Bank of Mississippi should be denied.

The court has jurisdiction of the subject matter and of the parties to this proceeding pursuant to 28 U.S.C. § 1334 and § 157. This matter is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (B) and (O).

## I. FINDINGS OF FACT RELATING TO CLAIMS BY THE BANK OF MISSISSIPPI

1. On April 5, 1988, the Debtor, D.G. Kobs, Jr., filed his petition for relief under chapter 7 of Title 11 of the United States Bankruptcy Code.

2. The first meeting of creditors was duly scheduled and held on June 3, 1988.

3. The bar date for filing proofs of claim was set and noticed for September 1, 1988.

4. The Bank of Mississippi timely filed, on May 24, 1988, three separate proofs of claim. Since these claims were filed prior to the bar date of September 1, 1988, they are not in dispute.

5. On April 10, *1990*, over nineteen months after the bar date, an agreed order was signed by this court allowing the Bank of Mississippi to file four additional proofs of claim. These four additional proofs of claim were in *no way* related to the three claims which were timely filed on May 24, 1988.

6. On April 27, 1990, Trustmark National Bank objected to these four new claims and moved for reconsideration of the agreed order.

7. On September 10, 1990, the Bank of Mississippi moved to file these late claims. Trustmark National Bank and the Trustee both objected.

## II. FINDINGS OF FACT RELATING TO CLAIMS BY DEPOSIT GUARANTY NATIONAL BANK

1. On October 18, 1988, approximately 47 days after the bar date of September 1, 1988, an agreed order was entered granting Deposit Guaranty Bank an extension of 30 days to file its proof of claim. The claim was filed on October 30, 1988, in the amount of $265,747.49.

2. On April 20, 1988, prior to the bar date of September 1, 1988, Deposit Guaranty properly and timely filed a motion to lift the automatic stay which referenced a note, secured by the debtor's residence, in the original principal amount of $125,000.00.

3. Deposit Guaranty contends that its motion to lift stay constituted an informal proof of claim for $265,747.49.

4. The trustee agrees with Deposit Guaranty's contention that the motion constituted an informal proof of claim to the extent of $121,078.88, being the balance due on said note. However, the trustee disputes any other amount sought to be incorporated in the figure set forth in the motion to lift stay.

5. The trustee has moved this court to set aside its order of October 18, 1988, allowing Deposit Guaranty's late filed claim in the amount of $265,747.49.

## III. ISSUES RELATING TO BANK OF MISSISSIPPI

The following issues are raised by the pleadings in this proceeding and will be considered by the court.

1. Did the court err in signing the agreed order dated April 10, 1990, which allowed the Bank of Mississippi to file four additional claims on the ground of excusable neglect more than 19 months after the Bankruptcy Rule 3002 bar date for filing proofs of claim had passed?

2. Did the court err in signing the agreed order of September 1, 1988, by classifying the four additional Bank of Mississippi claims dated March 29, 1990 as amendments to the three timely claims filed on April 14, 1988?

3. Should the Bank of Mississippi's September 10, 1990 motion to file the four late claims be granted or should the objections of the trustee and Trustmark be sustained.

## IV. ISSUES RELATING TO DEPOSIT GUARANTY

1. Did the court err in signing the agreed order dated October 18, 1988, allowing Deposit Guaranty National Bank to file its late claim in the amount of $265,747.49?

2. Does the motion to lift stay filed by Deposit Guaranty on April 20, 1988 constitute an informal proof of claim pursuant to Bankruptcy Rule 3002, and if so, to what extent should the claim be allowed?

## V. CONCLUSIONS OF LAW

Rule 3002 of the Bankruptcy Rules provides that:

(a) Necessity for Filing. An unsecured creditor or an equity security holder must file a proof of claim or interest in accordance with this rule for the claim or

interest to be allowed, except as provided in Rules 1019(4), 3003, 3004 and 3005 ... (c) Time for Filing. In a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code ... Fed.R.Bankr.P. 3002. This rule creates a strict deadline for unsecured creditors to file a proof of claim. It *must be filed* within 90 days after the first date set for the meeting of creditors pursuant to section 341 of the Bankruptcy Code. There are a few exceptions to this strict requirement which are enumerated in the body of the rule itself. None of the exceptions apply to the claims sought to be allowed by the Bank of Mississippi.

■ Bankruptcy Rule 9006 provides in pertinent part as follows:

(b) Enlargement.

(1) In General. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect ...

(3) Enlargement Limited. The court may enlarge the time for taking action under Rules ... 3002(c) ... only to the extent and under the conditions stated in those rules ...

Fed.R.Bankr.P. 9006. No timely request was ever made by the Bank of Mississippi for enlargement of time pursuant to Rule 9006. This 90 day deadline, as prescribed under Rule 3002(c), cannot be extended for excusable neglect. *In re Coastal Alaska Lines, Inc.,* 920 F.2d 1428 (9th Cir.1990); *In re Smith,* No. 8808674–SEG (Bankr.S.D. Miss.1990). Based on the foregoing, as

well as on the cases cited in the briefs submitted, the Bank of Mississippi's arguments as to excusable neglect are not well taken.

■ The Bank of Mississippi also raises the argument that its four additional proofs of claim should constitute amendments to the three timely claims filed on May 24, 1988. While a bankruptcy court can use its discretion in allowing amendments to proofs of claim which have been *timely filed,* such amendments cannot be disguised attempts to file an entirely new claim after the time for filing claims has expired. *In re Commonwealth Corporation,* 617 F.2d 415 (5th Cir.1980); *In re International Horizons, Inc.,* 751 F.2d 1213 (11th Cir.1985).

In *In re Vertientes Ltd.,* 845 F.2d 57 (3rd Cir.1988), the Third Circuit stated the following:

[B]efore a court may permit a party to file an amended proof of claim there must be something filed in the bankruptcy court capable of being amended. (citations omitted) ...

The Courts have universally held that a debtor's scheduling of a creditor's disputed, contingent or unliquidated claim does not constitute a proof of claim. To hold otherwise would completely eviscerate the statutory requirement that such a creditor file a formal proof of claim. (citations omitted).

845 F.2d at 60. This court finds that the four additional claims sought to be allowed by Bank of Mississippi are entirely new claims and therefore cannot qualify as amendments to the timely filed proofs of claim.

The Bank of Mississippi has also argued that because no party in interest objected to its proof of claim, the claim should be allowed pursuant to section 502 of the Code. This argument is made on the basis of certain agreements that the parties had discussed which would result in withdrawal of objections.

■ Section 502(a) provides that, "A claim or interest, proof of which is filed under section 501 of this title, is deemed

allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a). Section 502, however, must be read in conjunction with § 501,[1] § 105(a)[2] and also with Rule 3002, and in so doing, it is clear that section 502(a) presupposes that a claim has been timely filed.

■ The same law as set forth relating to the Bank of Mississippi also applies to Deposit Guaranty, excepting the following. The motion to lift stay filed by the Deposit Guaranty on April 20, 1988, set forth the bank's claim as to the note secured by the debtor's residence, and thereby constituted an informal proof of claim only to the extent of $121,078.88, being the balance remaining on the note. The motion did not constitute an informal proof of claim as to the remaining claims of Deposit Guaranty. *See, e.g., In re Duncan*, 55 B.R. 433 (Bankr.M.D.Ala.1985); *In re Sherret*, 58 B.R. 750 (Bankr.W.D.La.1986); *In re Greene*, 33 B.R. 1007 (D.C.R.I.1983); *Fyne v. Atlas Supply Co.*, 245 F.2d 107 (4th Cir.1957); *In re Pizza of Hawaii Inc.*, 761 F.2d 1374 (9th Cir.1985).

Based on the foregoing analysis the court finds that the motion by the Chapter 7 trustee to set aside the court's previous order dated October 18, 1988, allowing Deposit Guaranty National Bank to file a claim should be granted and the claims filed by Deposit Guaranty are disallowed except to the extent of $121,078.88 as set forth above. The motion by Trustmark National Bank for reconsideration of the court's order dated September 1, 1988 allowing claims filed by the Bank of Mississippi should be granted and the order should be set aside. The motion filed by the Bank of Mississippi to file claims after the deadline should be denied and the four additional claims of the Bank of Mississippi should be disallowed.

This opinion shall constitute findings and conclusions pursuant to Bankruptcy Rule 7052 and Federal Rule of Civil Procedure 52.[3]

---

1. Section 501(a) provides that a creditor ... may file a proof of claim. Other subsections of 501 provide that if a creditor does *not* timely file a proof of claim, that the debtor or trustee or other entity may file a proof of such claim. Thus, this section in its entirety indicates that subsection (a) refers to a timely filed claim by the creditor.

2. Section 105(a) provides that, "No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process". 11 U.S.C. § 105(a).

3. This opinion constitutes a written form of the findings of fact and conclusions of law stated orally and recorded in open court on April 2, 1991.