**In the Matter of ALLIANCE OPERATING CORPORATION.**

**Civ. A. No. 94–2006.**

United States District Court,
E.D. Louisiana.

Sept. 2, 1994.

David L. Neeb, David L. Neeb, Atty. at Law, Metairie, LA, for Highlands Ins. Co., Inc., appellant.

Stewart Foster Peck, Lugenbuhl, Burke, Wheaton, Peck & Rankin, New Orleans, LA, for Alliance Operating Corp., appellee.

### ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is Highlands Insurance Company's appeal of the decision of the bankruptcy court denying its application for allowance and payment of priority claim for worker's compensation premiums. For the reasons that follow, the decision of the bankruptcy court is AFFIRMED.

I

Highlands asks this Court to find that the bankruptcy court erred in failing to recognize the priority treatment of Highlands' claim for unpaid worker's compensation premiums in the amount of $157,000.

The facts are not in dispute. On December 19, 1989 Alliance Disbursements, Inc. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Highlands, the worker's compensation insurer for Alliance, filed a proof of claim on May 9, 1990, asserting only a general unsecured claim of $157,000 for "Workman's Comp. Insurance Premium."[1] Highlands left blank

1. The audit statement attached to the proof of claim indicated that for the policy period Febru-

item 10 on the proof of claim form, which reads (emphasis and brackets in original):

10. This claim is a general unsecured claim, except to the extent that the security interest, if any, described in paragraph 9 is sufficient to satisfy the claim. [*If priority is claimed, state the amount and basis thereof.*]

On October 17, 1990 the bankruptcy court set the deadline for filing proofs of claim as December 3, 1990. The order confirming Alliance's plan for reorganization was signed on June 25, 1992 and on August 18, 1992 the court issued an order extending the bar date for filing any administrative expense claims to September 9, 1992. Over seven months later, Highlands filed its first application for allowance and payment of a priority claim for worker's compensation premiums and administrative expenses on April 21, 1993. Highlands then filed an amended proof of claim on September 3, 1993 setting forth its claim as follows:

(1) an administrative expense claim of $28,678;

(2) a priority claim under 11 U.S.C. § 507(a)(4) of $97,505;

(3) a general unsecured claim in the amount of $71,595.

II

The bankruptcy court denied Highlands' application on three grounds. The court noted that amendments to proofs of claim are permitted only if the amendment does not amount to an attempt to file an entirely new claim after the bar date. According to the court, because Highlands' amended proof of claim attempted to reclassify its general unsecured claim under the confirmed plan as a priority claim, a general unsecured claim, and an administrative expense claim, it constituted a new claim.

The bankruptcy court also supported its well-reasoned decision by concluding that the confirmation of the plan had the effect of a final judgment and that parties were barred from relitigating certain issues by the doctrine of *res judicata.* Because Highlands'

amended claim involved exactly the same parties, and because the plan expressly had classified Highlands' claim as unsecured, the court found the issue barred by *res judicata.*

Finally, the court rejected Highlands' alternative argument that, in accordance with Bankruptcy Rule 9006(b)(1), the court should allow Highlands' late filing because its failure to comply with the established deadline resulted from excusable neglect. Considering such factors as the clarity of the court's orders, prejudice to the debtor, the reason for the late filing, and the potential impact on judicial proceedings, the bankruptcy court held that Highlands' delay was "wholly within its reasonable control." The court also found that allowing the late filing would prejudice the rights of the creditors who voted for the reorganization plan and that the potential impact of the change was substantial.

The central theme of Highlands' appeal seems to be that substance should not give way to form; that technicalities must yield to the demands of justice. Highlands correctly points out that its claim is properly a priority claim. Highlands couples this fact with a strenuous demand for equity, asserting that, on the one hand, congressional intent of protecting the rights of priority claimants should not be defeated by mere technicalities. On the other hand, and contrary to the express finding of the court, Highlands tries to persuade that the impact of its amendment would be minimal.

In response to the bankruptcy court's reliance upon precedent stating that amendments which change the priority of a claim amount to a new claim and should be disallowed, Highlands suggests a two-pronged argument. To begin with, it contends that amendments which arise out of the same conduct, transaction or occurrence are permissible. In other words, while the court expressly found that the amended claim was a new claim because it changed the status of the original claim from unsecured to priority, Highlands argues that the amendment merely provided a detailed breakdown of the original claim. Highlands then adds that the

---

ary 10, 1989 to February 10, 1990: (1) the total earned premium was $197,778; (2) the deposit and interim premium was $40,770; and (3) the amount due was $157,000.

dates of its claim, coupled with the filing date, provided adequate notice that its unsecured worker's compensation claim was in fact a priority claim.

### III

### A.

■■■ In a bankruptcy proceeding, an amendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity, or to plead a new theory of recovery on the facts set forth in the original claim. *In re Commonwealth Corp.,* 617 F.2d 415, 420 (5 Cir.1980). The bankruptcy court must carefully scrutinize such amendments to insure that they do not amount to an attempt to file an entirely new claim after the time for filing claims has expired. *Id.* The bankruptcy court has broad discretion in allowing post-bar date amendments to proofs of claim. *In re Metro Transp. Co.,* 117 B.R. 143 (Bkrtcy.E.D.Pa. 1990). Therefore, appellate review of the bankruptcy court's decision is limited to a finding of clear error. *See In re Intern. Horizons, Inc.,* 751 F.2d 1213 (11 Cir.1985).

■■■ The bankruptcy court held that the "nature of a priority claim is much different than an unsecured claim because it impacts distribution under a plan," citing *In re Metro Transp.,* 117 B.R. at 148. Furthermore, an amendment to a proof of claim that changes the claim from an unsecured status to a priority status quite obviously sets forth a new claim. *Id. See also In re Michael Brown,* 159 B.R. 710, 714 (Bkrtcy.D.N.J. 1993) (finding that "a secured claim is materially different from an unsecured claim"); *In re Walls & All,* 127 B.R. 115 (W.D.Pa.

1991) (amending a claim from unsecured to priority status changes the nature of the claim). In *Metro Transport,* the creditor was a fund created to provide worker's compensation insurance for certain employers. As here, the creditor had timely filed proofs of claim for unsecured claims and then, after the bar date, tried to change the classification of those claims to a priority status. The *Metro Transport* court disallowed the amendments for various reasons: the original claims had been relied upon by other parties, it was the fund's own fault which caused the problem, and allowing the amended claim would prejudice other creditors. *Metro Transport* is an appropriate guide here.

In this case, the bankruptcy court expressly recognized its power to permit amendments to claims. Nonetheless, because the amendment changed the status of the claim, it found Highlands had sought to assert a new claim. The bankruptcy court specifically found that Highlands' delay in filing the priority and administrative claim was "wholly within its reasonable control,"[2] that all of the other creditors relied upon the reorganization plan (which included Highlands' unsecured claim for $157,000), and that a material change in the plan which would result from allowing the amended claim and would prejudice the rights of the creditors who voted on the plan. Highlands asks this Court to ignore these factual determinations and instead conclude that the dates of its claim, coupled with the filing date, provided adequate notice that its worker's compensation claim was really a priority claim.[3] Highlands offers neither legal support or any good explanation for this assertion.[4] This Court cannot say

---

**2.** The bankruptcy court wrote that "Highlands could have easily hired competent counsel at the time of filing its claim, when the disclosure statement was sent out or when the confirmation hearing was held."

**3.** It is difficult to except Highlands' argument that its original claim provided such notice when Highlands itself remained unaware of this fact during several years.

**4.** Highlands invokes three cases to support its assertion that its amended claim does not constitute a new claim: *In re Kolstad,* 928 F.2d 171 (5

Cir.1991), *In re Commonwealth Corp.,* 617 F.2d 415, 420 (5 Cir.1980), and *In re Crown Cabinets, Inc.,* 488 F.2d 91 (5 Cir.1973). None of these cases applies in the present setting. In *Kolstad,* the only difference between the original proof of claim and the amended one (filed before the adoption of the reorganization plan) was the amount of the claim. In *Crown Cabinets,* the original claim stated that " 'this claim is filed as a secured claim … and as a priority claim (11 U.S.C. § 104a(5) and 31 U.S.C. § 191) as to the deficiency between the amount due on the claim and the value of the security.' " *Crown Cabinets,* 488 F.2d at 92. The Fifth Circuit then found that

that the bankruptcy court's finding that the amended claim constituted a new claim was incorrect, let alone clearly erroneous.

### B.

■ On its conclusion that the amended claim was barred by *res judicata*, this Court reviews the bankruptcy court's decision *de novo*. This Court agrees with the bankruptcy court's determination that the confirmation of the reorganization plan had the effect of a final judgment, and that parties were barred from relitigating certain issues by the doctrine of *res judicata*.[5] *See Eubanks v. Federal Deposit Ins. Corp.*, 977 F.2d 166, 170 (5 Cir.1992). This result is consistent with 11 U.S.C. § 1141, which instructs that the provisions of a confirmed plan bind debtors, creditors and other parties. *Res judicata* operates even when the plan mistakenly characterizes a claim or provides that a creditor should receive less than the amount to which it is legally entitled. *In re Chattanooga Wholesale Antiques Inc.*, 930 F.2d 458, 462–63 (6 Cir.1991). Highlands did not object to or appeal from the treatment of its claim as unsecured at the hearing on the confirmation of the plan. The bankruptcy court analyzed Highlands' amended claim with respect to the four elements of *res judicata*,[6] and correctly concluded that all four were satisfied. Because Highlands' amended claim involved exactly the same parties and because the plan expressly classified Highlands' claim as unsecured, relitigating the status of the claim was barred by *res judicata*, particularly where, as here, the creditor offers no real explanation for its failure to correctly state its claim.

Highlands makes much of the fact that congressional intent—the protection of priority claims—should be preserved by allowing

such a claim, which differs sharply from Highlands' failure to respond to item 10 on the claim form, provided adequate notice. Finally, in *Commonwealth*, the Fifth Circuit found that the amendment to the original claim, submitted prior to the filing of the reorganization plan, added greater particularity to an already detailed claim which should have put the trustee on notice of the claim's true nature.

5. The requirements of due process might warrant a finding that *res judicata* does not bar a

its amended claim. The Court is not persuaded on the facts in the record. Highlands had ample opportunity to correct or clarify the character of its claim. It did not do so. It is barred by *res judicata* and precedent from making a new demands for priority and administrative claims.

The judgment of the bankruptcy court is AFFIRMED.

certain amendment, but the facts of this case do not implicate due process considerations. *See United States v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087 (6 Cir.1990).

6. (1) The parties must be identical in both suits; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same cause of action must be involved in both cases. *Eubanks*, 977 F.2d at 169.